PRESCOTT S. EAMES, ADMR. OF HANNAH H. DUNKLEE, *v.* TOWN OF BRATTLEBORO.

*Injury on Highway. Action Survives. Notice. Bereft of Reason. Damage. Evidence. Exception.*

1. The words, "person injured," used in the proviso to the statute requiring notice to be given to the selectmen in case of injury on the highway, refer to the person injured in the accident, and not to the person injured pecuniarily.
2. The cause of action for injuries received through a defect in the highway, survived, under the provisions of the statute, R. L. ss. 2138-9.
3. The charge to the jury as to damages sustained.
4. A witness denied on cross-examination stating certain things to persons named, which the defendant offered to show by those persons he had said to them ; but it did not appear except by inference that he testified differently from what it was offered to show he had said out of court ; or that he testified at all on those points. The exceptions, therefore, do not show error,—and the court will not infer it,—in excluding the impeaching evidence.
5. Acts of 1874, No. 51, notice of damage on highway ; R. L. ss. 2138-9—action survives—construed.

ACTION on the case brought by the plaintiff as administrator of Hannah H. Dunklee, deceased, in which he sought to recover for the benefit of the two minor daughters, next of kin, of the deceased, damages claimed to have been sustained by them, by reason of an accident which resulted in the death of the said Hannah H. Plea, not guilty. Trial by jury March Term, 1881, TAFT, J., presiding. Verdict for the plaintiff to recover $1633.33. It was agreed that the plaintiff was the legal administrator ; that the accident occurred to the said intestate on the 4th day of June, 1879 ; that she died in about one-half hour thereafter, leaving a husband named Scott Dunklee, and two minor children, aged nine and two years respectively, surviving her ; that the highway on which the accident happened was a public highway, which the defendant town was bound to maintain and keep in repair ; and that no notice of the happening of the accident was ever given to the selectmen, as is provided by the act of 1874, No. 51.

The defendant moved the court to dismiss the suit, for want of

any such notice ; and because said action could not be maintained under the statute.

The court overruled said motion to dismiss, to which the defendant excepted.

Scott Dunklee, who was produced by the plaintiff as a witness, testified upon cross-examination that he had not told certain persons—who were named, together with time and place,—that the accident was not caused by any insufficiency or want of repair of the highway; and that in conversation which he had with the selectmen of defendant town, that he had not said to them that he did not claim any damages, and only asked something by way of a donation for the children.

The defendant offered to show that said Dunklee had made the admissions and statements as above stated, to the persons concerning whom he had been specially interrogated. To this evidence the plaintiff objected, and it was excluded by the court, to which the defendant excepted.

The court charged the jury as to damage :

" The statute provides that you may give such damages to these parties as you may deem just with reference to the pecuniary injury resulting from such death to the next of kin, to these two children.    And the court tell you that in this matter there is a duty resting by law, under certain circumstances, upon a mother to support her children ; but independent of the statute upon that subject, with reference to the support of the mother which the law requires under certain circumstances, where she is of sufficient ability to relieve the town from the support of the children, the court tell you that this action can be maintained independent of that fact, and independent of the fact whether the children were dependent upon her for their material support, and independent of the fact whether she was under any legal obligation to support them or not.    If there was a reasonable expectation that these children would derive an advantage from the continuance of their mother's life, capable of being estimated and appreciated in a pecuniary sense, whether she was bound to render any assistance in a legal point of view or not."    .    .    .    .

[" Now these next kin, for whose benefit this action was brought, are two girls of tender age, one, at the time, being about two and the other about nine years of age ; and of such an age as all children, and like all children at that age, need the care and nur-

ture of a mother ; and you as well as any one know how valuable such care is to young children."]

*E. W Stoddard* and *Haskins & Goodnow*, for the defendant.

It will be conceded that the action cannot be maintained at common law. But the statute applies only, when " special damage shall happen to any *person*, his *team, carriage*," &c.

This statute conferred a right of action for certain specified injuries, and described them in plain and unmistakable terms, viz. : " Special damage to any person," or bodily injuries, also injuries to *his* team, carriage, or other special property owned by, or in the possession of, the person at the time of the accident or injury. The plaintiff does not seek to recover damages for injuries which this statute specified and described. He claims damages, arising from the advantages to be derived from the continuance of a life, and includes therein the care, education and training which a mother might have bestowed upon her minor children, and also whatever increased portion of her estate they might have received, had her life been continued. We confidently insist that the language of this statute cannot be tortured into giving a right of action for the kind of damages claimed by the plaintiff administrator in this cause. *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114 ; *State* v. *Burlington*, 36 Vt. 521.

The act of 1849 was never intended to apply to towns, and we can find no authorities which conflict with the construction claimed. No new cause of action was created by this act. The original cause of action was simply continued and made to survive. The new principle for the assessment of damages in such cases does not enlarge the act. It will hardly be claimed by plaintiff's counsel that R. L. s. 2139 grants any cause of action ; it simply points out the class of damages which may be recovered in actions which survive under the preceding section. *State* v. *Burlington ;* Sedgw. Lead. Cas. Dam.

There was error in the charge of the court as to damages. Sedgw. Lead. Cas. Dam. 799.

The evidence excluded should have been admitted as affecting the credibility of the witness. We do not claim that it tended

to establish any fact, but it was important testimony as bearing upon the character and credibility of the witness, upon whose evidence alone, connected with the circumstances in the case, the jury were to determine the main issue.

*Martin & Eddy*, for the plaintiff.

No notice was required. *Gonyeau* v. *Milton*, 48 Vt. 172 ; *Wheelock* v. *Hardwick*, 48 Vt. 19. That the action survives and may be prosecuted in the name of Mrs. D's administrator, her personal representative, seems entirely clear. These statutes were made for just such cases as this. This case comes entirely within their provisions. It cannot reasonably be claimed that these statutes apply only in case of death of the husband, leaving a widow and children. Section 15 is general in its terms, and applies, we think, to any case where death is caused by the wrongful act of neglect or default of any person ; section 16 provides in whose interest the suit shall be brought—the widow and next of kin, if there be such persons surviving the deceased ; and section 17 how or what may be taken into consideration in estimating the damages. By the common law it is the duty of parents to support their minor children. Nothing is so essential to the child as the loving, watchful care of a mother. Reeves' Dom. Rel. 283 ; 2 Kent Com. 189 ; Schouler's Dom. Rel. 325. Nothing is so valuable as the training and education which every mother can and does bestow upon her offspring.

The testimony by which defendant offered to contradict Scott Dunklee's testimony, given on cross-examination, that he had not told certain persons that the accident was not caused by any insufficiency or want of repair of the highway ; that he had not said to the selectmen of defendant town that he did not claim any damages, and only asked something by way of a donation for the children, was clearly inadmissible. 1 Green. Ev. 52, 148, 149.

The opinion of the court was delivered by

VEAZEY, J. I. No question is made but that the person injured was " bereft of her reason." She died within half an hour of the injury. The defendant claims that notice was required not-

withstanding the *proviso* to the notice act, which is "That nothing in this section shall be construed to apply *to any case* where the *person injured* shall in consequence thereof be bereft of his or her reason." Acts of 1874, No. 51. We think there is no room for doubt that no notice was required in this case. The language is plain, and the effect of it unmistakable. The "person injured," as used in the *proviso*, refers to the person injured in the accident, not to the person injured pecuniarily, as a result of the accident.

II. The person killed was a married woman, and the recovery is sought for the benefit of the two minor daughters, the next of kin, of the deceased. The cause of action survived, if at all, under the provisions of sections 2138–9, R. L. It is claimed that those sections apply only to cases where an action would have been maintainable at *common law* had the injured person survived, not to a cause where the remedy is created by statute, as in case of injury by reason of a defective highway. The language of judges in reported cases may import this idea; but they were cases where there would have been a *common-law* remedy had the person survived; therefore, in discussing the question as to whether the survivorship statute applied to the case in hand, the language used was pertinent. They are mostly cases of injury on railroads.

Our statute, section 2138, is as follows:

" When the death of a person is caused by the wrongful act, neglect, or default of a person, either natural or artificial, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof the person or corporation liable to such action if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured." . . .

Had this woman survived her injuries, it is not claimed but that she could have maintained an action and recovered damages if her case was made out in other respects. Yet this is the only test for the determination of the question of survivorship of the action after her death. There is nothing in this section pointing in the least to the idea that it is to be restricted to causes of action existing at common law only.

But it is further claimed that the statute in force, (now re-

pealed,) providing for a remedy against towns, restricted the damages recoverable to such as " shall happen to any person, his team, carriage, or other property," and that no such damages are sought or could be recovered in this case, the damages here sought being those provided in section 2139, R. L., " Such damages as are just, with reference to the pecuniary injury resulting from such death to the wife and next of kin." Precisely the same objection could be made if the injured person's remedy, had she survived, been a common-law instead of a statute remedy. The damages would have been for her personal injury only, in a suit in her own behalf. Section 2139 changes the kind of damages recoverable in the case of a common-law remedy as much as it changes the damages specified in the highway statute. The effect of the highway statute was to make towns liable for negligence as to highways and in respect to travellers the same as other corporations and individuals were liable for negligence at the common law. Towns having been brought into this line, we think they became subject to the provisions of the survivorship statutes the same as though they had been in it by force of the common law. The reasons are apparent why the Legislature should have provided as to the nature or character of the damages, in case the injured person died, it having provided that the liability should continue.

The purpose of the act now incorporated into sections 2138–9 of the Revised Laws, and which was copied from 9 and 10 Vict., ch. 93, was to prevent actions or causes of action for personal injuries dying with the person ; but he being beyond the reach of benefit it was further provided that the wife and next of kin should receive it, and logically from this that the damages should be the pecuniary loss which the persons, made entitled by the statute, suffered in the death of the injured party. We think the statutes involved should receive the construction indicated. Although the question was not raised in *Hill, Admr.* v. *New Haven*, 37 Vt. 501, we still think the same view must have been taken, as it is hardly conceivable that the question could have been overlooked by the exceptionally able court and counsel in that case. We are informed the same construction has been given in other cases for injury on highways, not reported.

Eames v. Brattleboro.

III.   Exception was taken to the charge to the jury on the question of damages.   The objection is now confined to the words in brackets in the exceptions.   The court having correctly stated to the jury the rules as to damages, and fairly submitted the whole question upon the evidence and under the rules as stated, we think the clause now objected to was not inappropriate, and affords no substantial ground of exception.

IV.   Exception was also taken to the rejection of the testimony offered tending to impeach Scott Dunklee, the husband of the plaintiff's intestate, and who was riding with her at the time of the accident.

If the exceptions expressly stated that Dunklee testified in his direct examination, as the plaintiff's witness, how the accident happened, and described the alleged defects causing it, it is plain that some of the rejected evidence would have been admissible as affecting his credibility as a witness.   It would have been the ordinary case of a witness having told a different story out of court from what he had testified to in court, on a material point. But they do not so state.   It appears that Dunklee denied when asked, while under cross-examination, that he had said certain things about the accident and the cause of it, to certain persons named, which the defendant offered to show by those persons he had said to them ; but it does not appear except by inference that he testified differently on the same points from what it was offered to show he had said out of court ; or that he testified at all on those points.   The inference is quite strong in support of the defendant's theory, but counsel in their briefs exactly disagree as to what the witness's direct examination was, and as the exceptions stand, and with the counter claim of counsel as to the fact, we think the inference is not strong enough to overcome the rule requiring the excepting party to show error.   The palpableness of the error, if it was as the defendant claims, creates an inference the other way.   The above rule relieves the necessity of a resort to guessing between inferences in giving construction to a bill of exceptions.

The above are the only exceptions now insisted upon.

Judgment affirmed.