## JAMES LEGG, JR., ADMR. *v* HENRY S. BRITTON.

*Death by wrongful act.   R. L. s. 2138 gives but one right of action.*

1.  In construing a statute the court should consider, first, the language of the act taken as a whole ; second, the application of that language to existing circumstances and necessities.

2.  R. L. s. 2138, providing for the recovery of damages for the benefit of the widow and next of kin, where death results from the neglect or default of a person, does not create a new and additional cause of action in favor of such beneficiaries, but provides for the recovery of a new class of damages in case a right of action would have existed in the deceased person if living.

3.  Hence, if this right of action be extinguished in the lifetime of the injured person, as by a settlement or recovery, no further recovery can be had after his death.

4.  And where the injured person began a suit in his lifetime which his administrator prosecuted to judgment after his death, such judgment will bar a second suit for the benefit of the widow, although the damages awarded in the first suit were solely for the injuries to the deceased person in his lifetime.

Action for the benefit of the widow and next of kin for the wrongful act of the defendant resulting in the death of the plaintiff's intestate. Heard at the December term, 1890, Windsor county, upon demurrer to the plaintiff's replication to the defendant's plea in bar. The demurrer was *pro forma* overruled, and the defendant excepted.

The defendant pleaded in bar that the intestate in his lifetime began suit against the defendant for the same neglect which was now alleged by the plaintiff to have occasioned his death, and deceased while said suit was pending ; that thereupon his administrator entered and prosecuted the same to a judgment which the defendant paid. The plaintiff replied that the damages re-

covered and paid in that suit were for the injuries done the intestate in his lifetime, and did not include the damages occasioned his widow and next of kin by his death.

*W. E. Johnson* and *Gilbert A. Davis,* for defendant.

This precise question was determined in *Halliday* v. *Dover,* decided at the General Term, 1881, but not reported.

But one recovery against a party for the same act or neglect can be had. *Bardwell* v. *Jamaica,* 15 Vt. 438; *Whitney* v. *Clarenden,* 18 Vt. 262; *Fulsome* v. *Concord,* 46 Vt. 135; 1 Sedg. Dam. (7th Ed.) 207, [109.]

At common law if the party injured died before judgment no recovery could be had. *Ins. Co.* v. *Brame,* 95 U. S. 754; The Harrisburg, 119 U. S. 199.

The intention of R. L. ss. 2138, 2139 was to remedy this injustice, not to create an additional right of action; and this is the construction which the English courts have put upon Lord Campbell's act, of which our statue is a re-enactment. *Read* v. *Great Eastern Ry. Co.,* L. R. 3 Q. B. 555.

To the same effect are the decisions in the different states, and the opinions of text-writers. *Diffle* v. *New York & Erie Rd.* 25 Barb. 183; *Littlewood* v. *Mayor of New York,* 89 N. Y. 24, 29; *Schlichting* v. *Wintgen,* 25 Hun. 626, 629; *Whitford* v. *Panama Rd. Co.,* 23 N. Y. 484 ; *Conners Adm'x.* v. *Paul,* 12 Bush. Ky. 144; *McCarthy* v. *Rd. Co.,* 18 Kan. 46; *Goodsell* v. *H. & N. H. Rd., Co.,* 33 Conn. 54; *Fowlker* v. *Nashville, etc. Rd. Co.,* 5 Baxter 663 ; Cool. Torts, 264; 1 Sher. & Red. Neg., s. 140; Add. Torts 621 ; *State* v. *Maine Central Rd. Co.,* 60 Me. 490; *State* v. *Grand Trunk Ry. Co.,* 61 Me 114.

*Hunton & Stickney,* for the plaintiff.

When Lord Campbell's was adopted in Vermont in 1849, actions for injuries to the person resulting in death already survived by the act of 1847. The intention of the legislature could not have been therefore to remedy this defect. The inten-

tion must have been to give a new right of action for the benefit of the widow and next of kin which did not exist at the common law, to compensate them for the injury which they sustained by the loss.

Specific damage may be the foundation for an action for damages although no right is infringed. *Ferrer* v. *Beale,* I Lord Raymond, 692, *Hall* v. *Hollander,* 4 B. & C. 660; *Weldon* v. *Timbrell,* 5 T. R. 357.

More than one right of action may accrue from the same tort. *Smith* v. *Hixon,* 2 Strange [977].

This court has already held that under the statute two causes of action arise. *Needham Adm'x* v. *G. T. Rd. Co.,* 38 Vt. 294.

And such taken as a whole is the conclusion of the English courts. *Blake* v. *Midland Ry. Co.,* 18 Q. B. 93; *Pym* v. *Great Northern Ry. Co.,* 2 B. & S. 396; *Bradshaw* v. *Lancashire & Yorkshire Ry. Co.,* 10 L. R. C. P. 192; *Leggott* v. *G. N. Ry., Co.,* pr. Quain, J., 122 B. Div. 606.

To the same effect are *Hurlbert* v. *City of Topeka,* 34 Fed. Rep. 510, 512; *Armstrong* v. *Beadle,* 5 Sawyer, 484.

The manifest import of the statute is to create a new right of action, not to continue an old one. The kind and extent of the damages, the parties for whose benefit and the manner in which they shall be recovered, are all new. *Railroad Co.* v. *Barron,* 5 Wall. 90, 105; *Blake* v. *Midland Ry. Co.,* 18 Q. B. 93; *Woodard* v. *Mich. S. & N. I. Rd.,* 10 Ohio St. 121-123, pr. Gholson, J.; *Hyatt* v. *Adams,* 16 Mich. 180, 194; *V. & M. Rd. Co.* v. *Phillips,* 64 Miss. 693, 703; *Quin* v. *Moore,* 15 N. Y. 435; *Penna. Rd.* v. *McCloskey's Admr.,* 23 Pena. St. 526, 529; *Safford* v. *Drew,* 3 Duer, 627; *C. & R. I. Rd. Co.* v. *Morris,* 26 Ill. 400; 2 Thomp. Neg. 1289, s. 90 and cases there cited.

There was no recovery in the former suit of the damages sued for here. The widow and children have never received those damages which the statute awards them; therefore they

may still maintain this action for them.  *Whitney's Admr.* v. *Clarendon*, 18 Vt. 252; *Hodsoll* v. *Stallebrass*, 39 E. C. L. 178, 11 A. & E. 301, 304; *Barnet* v. *Lucas*, 6 Ir. C. L. 247.

The cases holding that a settlement is a bar are upon the theory that full recompense was thereby made.

The opinion of the court was delivered by

ROSS, Ch. J.   The intestate was injured by the unlawful act or neglect of the defendant.   He brought a suit to recover therefor, and pending the suit died, it is claimed from the injury so received.   His administrator entered, and prosecuted that suit to final judgment, which has been satisfied.   The administrator subsequently brought this action under R. L. 2138, to recover for the widow and next of kin the pecuniary injury resulting to them from the death of the intestate. To this action the defendant has plead in bar the judgment in the suit commenced by the intestate in his lifetime, and its satisfaction.   The contention is whether the plea is a good answer to this suit.   Each party claims that this contention is settled in his favor by former decisions of this Court.   The plaintiff relies upon *Needham* v. *Grand Trunk Railway Co.* 38 Vt. 294.   In that case the question is discussed at length, and the views of the Court given thereon in favor of the plaintiff's contention.   That decision made in 1865 remained unquestioned until 1881.   It is referred to, not by name, but, in principle, with approval by Judge Peck in *Harding* v. *Townshend*, 43 Vt. 541, and by Taft, J., in *Westcott* v. *C. V. R. R. Co.*, 61 Vt. 440.   But in neither case was the question in controversy under consideration, nor was there any attempt to discuss or decide it.   Nor was this question involved in the point decided in *Needham* v. *Grand Trunk Railway Company.*   The point decided in that case is, that the injury to the deceased having occurred in New Hampshire, under whose then existing laws no right of action in either form survived, the plaintiff could not maintain an action therefor in this State. This Court held, as is everywhere held, that the laws

of the place of the accident occasioning the injury, governed the rights of the parties in reference thereto. To this decision it was not necessary to consider, whether under the laws of this State, one or more rights of action survived to the administratrix. We fully recognize, however, the ability of the Court rendering that decision, and the ability with which the question, whether the Statutes of Vermont for such an injury gave one or two rights of action, is discussed. The defendant relies upon the unreported case of *Haliday et al., Admrs.,* v. *Dover,* heard and decided at the general term of this Court in 1881. The precise question raised in this case was raised in that case, discussed and considered. Judge Veazey, to whom the case fell, drew up an opinion upon this question which met the approval of a majority of the court, in effect overruling some of the conclusions maintained in *Needham* v. *Grand Trunk Railway Co.* But, as one or more of the judges did not concur in the views he had expressed, the case was not published, and, as Judge Veazey now recollects, was finally disposed of, on the insufficiency of the notice to the town. Hence, so far as concerns the views previously expressed by this Court on this question, we have the published views in the Needham case, in which the question did not properly arise, and need not have been considered, and the unpublished views of a majority of this Court in the Haliday case in which the identical question did arise and was considered, but which eventually was made to turn on another question in the case. In the condition of the decided cases in this State, the question is fairly open for consideration and decision. It has been very fully and ably discussed by counsel on both sides. We have examined and carefully considered the views of the respective attorneys, the many cases cited, and the views of law writers on the various questions, which have arisen upon the provisions of the Statute 9 and 10 Vict. c. 93 secs. 1 and 2, known as Lord Campbell's Act, and statutes of the several States of like legal import. We shall not attempt to review them, nor to point out

wherein the statutes or decisions differ, but rather confine our-
selves more especially to a consideration of the statutes of Ver-
mont. Before the passage of No. 42 of the Acts of 1847, and
No. 8 of Acts of 1849, the right of action for personal injuries
resulting in death did not survive. *Needham* v. *Grand Trunk
Railway Co., supra.* This was the common law doctrine an-
nounced by Lord Ellenborough in *Baker* v. *Bolton et al.,* 1
Camp. 493, and generally followed. Note to *Carey* v. *Berk-
shire Railroad Co.* 48 Am. Dec. 616, 632. The act of 1847 is
substantially R. L. 2134 and 2135. This act caused to survive
actions for the recovery of damages for a bodily hurt or injury
occasioned by the act or default of the defendant although one
of the parties should die pending the action. It also provides
that such an action might be prosecuted by or against an execu-
tor, or administrator, where by law that mode of prosecution is
authorized or before commissioners, when appointed. Such dam-
ages could be recovered as the person injured could have re-
covered if he had survived, including expense for doctoring and
nursing, loss of service, and compensation for pain and suffer-
ing. The damages so recovered became a part of the estate of
the deceased, and were disposed of under the law as such. The
Act of 1849 in legal effect is embodied in R. L. 2138 and 2139.
The determination of the contention in this case depends upon
the construction given to K. L. 2138, which reads: "When the
death of a person is caused by the wrongful act, neglect or de-
fault of a person, either natural or artificial, and the act, neglect,
or default is such as would, if death had not ensued, have entitled
the party injured to maintain an action and recover damages in
respect thereof, the person or corporation liable to such action if
death had not ensued, shall be liable to an action for damages
notwithstanding the death of the person injured, and although
the death is caused under such circumstances as amount in law to
a felony." The contention is whether this section gives a right

James Legg, Jr., *Admr. v.* Henry S. Britton.

of action to the representative of the deceased person for the
benefit of his widow and next of kin, as provided in the follow-
ing section, when the deceased, in person, or through his repre-
sentative, has recovered or settled for the injury which occasion-
ed his death.    In giving construction to this section of the
statute, it is the duty of the court to ascertain and carry into ef-
fect the intention of the legislature. That intention is to be as-
certained, first from the language of the act taken as a whole;
and secondly, from its application to existing circumstances
and necessities.    It is to be presumed that it used language
appropriate to express its intention, when applied to existing
circumstances and needs.    It is to be borne in mind that hist and
the act of 1847 are acts passed with reference to the survivorship
of actions.    The language used clearly gives the same right of
recovery which would have existed in the intestate if
death had not ensued.    If therefore, by settlement or re-
covery in or as of his lifetime no right of action existed or re-
mained in the intestate, none survived to his executor or admin-
istrator.    So also, if, by settlement or recovery by the intestate
in or as of his lifetime no liability rested upon the wrongdoer at
his decease, none survived his death against the wrongdoer. Al-
though such recovery should be by an executor or administrator
in a suit commenced by the intestate, or commenced by such ex-
ecutor or administrator, if the recovery be in the right of the in-
testate while living, such recovery, in legal effect, would ante-
date the death of the intestate, exhaust his right of action, and
nothing would remain to survive for a subsequent action.    It
would also exhaust the liability of the wrongdoer, and no liabil-
ity would remain to be enforced in a subsequent suit.    This it
seems to us, is the natural meaning of the language of this sec-
tion of the act of 1849.    It is the construction placed by the
English Court upon Lord Campbell's Act, of which this section

of the act of 1849 is nearly a copy, and which generally has been placed upon acts of like legal import in this country. *Read* v. *Great Eastern Ry. Co.*, 9 Best & S. 714, S. C. 37, L. J. Q. B. 278. Note to *Carey* v. *Berkshire R. R. Co.*, 48 Am. Dec. 637. Article by Hon. Chas. R. Darling, Am. L. Reg. 1889, pp. 385, 513, 577, 583.

But the whole act of 1849 is to be considered as contended by the plaintiff. The remainder of the act is embraced in R. L. 2139. Its provisions relate to the manner of enforcing the right given in R. L. 2138, and to pointing out the persons, to whose benefit its enforcement shall enure. It does not attempt to define or create the right. As there defined the recovery is not for the intestate nor his estate, although for an injury to him while in life. The recovery is for the benefit of his widow and next of kin. The damages are to be assessed, not with reference to the loss sustained by the intestate, but with reference to the pecuniary injury resulting to them from his death. It is contended that the statute gives a new right of action. Strictly it is a new right of recovery arising from an injury to the intestate, which gave or would have given him a right of action and of recovery, if death had not ensued. The amount to be recovered is determined by the injury sustained by the widow and next of kin, resulting from the death of the intestate wrongfully occasioned by the defendant. The right of recovery and measure of damages are different from what existed in the intestate. This right of recovery did not exist at common law. It is wholly given by the act. It is not an act to cause to survive a right of recovery which otherwise would be taken away by the death of the injured. The damages are based mostly upon the wrongful destruction of the earning capacity of the intestate. But his earnings in life do not legally belong to his wife and next of kin. Without the act the widow and next of kin could recover no damages for the destruction of the earning capacity of the intestate. Their right of recovery is given and determined by

the act. If we have interpreted the language of the act correctly, this right of recovery is conferred only when the intestate would have had remaining a right of action if he had survived.

It is contended by the defendant that to construe the act as claimed by the plaintiff would result in giving double damages to the same injured parties for the same wrongful act or neglect. If recovery is had in the right of the intestate under R. L. 2134 and 2135 one element of damages would be the bodily pain and suffering caused to the intestate by the wrongful act or neglect occasioning his death. The natural effect of such pain and suffering is to weaken, and if of adequate intensity sufficiently continued, to destroy the vital forces. The damages for this element recovered in the right of the intestate, may be said indirectly, if not directly, to be given for destroying the life of the intestate and ending his earning capacity. Such damages are not given to make up to his estate what it has lost by the wrongful injury. Unless required to pay the debts of the estate they are distributed to the widow and next of kin. But the bulk of the damages recovered in the right of the intestate are different from those recovered for the benefit of the widow and next of kin. Whether the recovery be in the right of the intestate, or for the benefit of his widow and next of kin, it is for the same wrongful act or neglect. In conferring this new right of recovery for the same wrongful act, the legislature could place such limitations upon it as it judged expedient. As contended by the plaintiff, the same wrongful act frequently furnishes two independent rights of recovery, as in the case of an injury to the wife, or an injury to a servant. But in such cases the services of the wife and of the servant, lost by the injury, legally belong to the husband and to the master. Hence whether the damages recovered if two actions are given, may, to some trifling extent, be double, or whether the same injury sometimes gives two independent legal rights of recovery throws very little light upon the intention of the legislature in

passing the act of 1849. A wrongful injury resulting in the death of the person injured unless the death is instantaneous may work serious loss and damage to him while living, and to his estate and, at the same time, deprive his widow and next of kin of what he would have earned and saved, but for the injury. Yet what any person's earnings for the future may be, let his earning capacity when injured be what it may, is largely hypothetical. The length of life, and the continuance of the power to earn, or to save if earned, are quite uncertain factors in the problems of life. Length of life, and capacity to earn and save for the support and use of others are pretty uncertain elements on which to estimate damages to such others. It may well be doubted if the legislature intended that resort should be had to such doubtful elements, for ascertaining damages where the intestate, while in life, or his executor or administrator, had received satisfaction, by settlement, or by recovering in his right the actual damages sustained by the intestate from the wrongful act or neglect.

The plaintiff further contends that the act of 1849, upon the construction we have given it, was wholly unnecessary; that by act of 1847 the intestate or his executor or administrator could recover all the actual damages sustained by the intestate. But no recovery could be had under the act of 1847 in case the death was instantaneous. The act of 1847 provides for the recovery of damages for a bodily hurt or injury, occasioned by "the act or default" of a party notwithstanding one of the parties to the action dies. Its language makes no reference to a wrongful act, such as amounts to a felony. While under it, recovery could be had for a wrongful act, amounting to a crime, if it caused bodily hurt or injury, there might have been doubt in the minds of legislators whether it would be construed to include such act or default. Then the legislature might have considered that there would be likely to be cases where death would follow so speedily that no recovery could be had in the life of the intestate, and if

recovery were had in his right by his executor or administrator, the damages would be a trifling sum ; or his estate might be in such condition that they would be absorbed in paying the debts of the intestate. Hence it might have thought it wise in such cases to allow a recovery for the benefit of the widow and next of kin. On the construction we have placed upon the act of 1849, a recovery for the widow and next of kin would not be barred, except by a settlement or recovery in the right of the intestate, and there was proper office for the act of 1849 to serve.

It is also contended by the plaintiff that the act of 1849, which, in legal import, is Lord Campbell's Act, should not receive the same construction which has been given to the latter, because the latter, in terms provided that but one suit should be brought, while the Acts of 1847 and of 1849 provided for the surviving of two distinct rights of recovery, for the same wrongful Act. But the limitation in Lord Campbell's Act was with reference to suits brought under it. It provided that but one suit should be brought for all the beneficiaries, or sharers in the damage recovered. The legal representatives or beneficiary bringing the suit, was required to name all the persons for whose benefit it was brought. The fact that by the act of 1847, the action survived to the executor or administrator of the deceased injured person, when death did not follow instantly, does not disclose any necessity for giving broader scope to the language of the act of 1849, than has been given to language of like legal import in Lord Campbell's Act, and other similar acts in the various United States. In Maine and some other states it is held that the acts of those states framed after Lord Campbell's Act, give a right of action only when instant death follows the injury. In some other states it is held that the legal representative of the estate must elect either to sue in the right of the intestate or in the right of the wife and next of kin. The construction we have placed on the act of 1849 gives the

James Legg, Jr., *Admr. v.* Henry S. Britton.

administrator or executor the right to sue and recover for the wife and next of kin, wherever the intestate if he were living could have maintained an action for such act causing the injury occasioning the death. We do not think any practical difficulty will be experienced in administering the act thus construed. We find nothing in the circumstances or necessities attending the passage of the act of 1849 which requires a construction different from that required by the language of the act.

*The pro forma judgment reversed, demurrer sustained, replication adjudged insufficient, plea in bar adjudged sufficient and cause remanded.*

Taft, J , dissenting.