L. S. LAZELLE, admr. *vs.* THE TOWN OF NEWFANE.

January Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*V. S. 2451, 2452—Pecuniary Damages to Next of Kin—Statute Does not Give Nominal Damages—If no Actual Damages Defendant Entitled to a Verdict.*

The right given by V. S. 2452 to an administrator, to recover for the widow and next of kin such pecuniary damages as they may have suffered

by the death of the decedent, provided the death resulted from a tort of the defendant which would have offered the decedent a cause of action had death not resulted, is conditional upon the existence of such damages. If there are no actual damages to the class named the plaintiff is not entitled to nominal damages.

In determining under this statute the amount of damages sustained by an adult son by the death of his mother, the jury are to consider among other things the likelihood of her requiring care and expense from the son, and the amount of property possessed by each, as indicating whether the continuance of her life would have proved, financially, a burden or an assistance.

The damages authorized by the statute are pecuniary damages only and where the loss is of the services of an aged mother to her son and his family, the damages cannot be enhanced by a consideration of the special and peculiar value such services might have to the son by reason of the ties of affection.

Damages are not recoverable in these actions by way of *solatium.*

CASE under V. S. 2452 for damages to next of kin resulting from the death of the intestate caused by an insufficiency in the defendant's highway. Trial by jury at the September Term, 1897, Windham County, *Thompson*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

The plaintiff excepted to the defendant's being permitted to show the amount of property owned by the intestate and the next of kin, respectively, at the time of the former's death; to the failure of the court to charge, that the jury might award damages for the loss of the society of the deceased; to the failure to charge that the jury might consider the special damages of the loss of the services of a mother to a son and his family; and to the failure to charge that, if the defendant is primarily liable, the plaintiff is entitled to at least nominal damages.

The jury were instructed to return a verdict for the defendant unless they found that the next of kin had sustained actual damages. They were instructed not to take into consideration any pecuniary benefit which the next of kin had derived from the death of his mother by reason of inheriting her property.

*Clarke C. Fitts and L. M. Read,* for the plaintiff.

It was error to admit evidence of the wealth or poverty of the next of kin or of the intestate. *R. R. Co.* v. *Slater,* 129 Ill. 91; *Hunn* v. *R. R. Co.,* 78 Mich. 513; *R. R. Co.* v. *Keane,* 143 Ill. 172; *Overholt* v. *Vieths,* 93 Mo. 422.

If the defendant was primarily liable the plaintiff was entitled to nominal damages. *Howard* v. *D. & H. C. Co.,* 40 Fed. Rep. 195; *R. R. Co.* v. *Shannon,* 43 Ill. 338; *R. R. Co.* v. *Swett,* 45 Ill. 197; *Chicago* v. *Scholten,* 75 Ill. 468; *Lehman* v. *Brooklyn,* 29 Barb. 234; *Quinn* v. *Moore,* 15 N. Y. 432; *Ihl* v. *R. R. Co.,* 47 N. Y. 317; *R. R. Co.* v. *Barron,* 5 Wall. 90; Thompson on Negligence, p. 1293.

The services of another have a special and peculiar value, and damages for their loss must be measured in view of it. *Eames* v. *Brattleboro,* 54 Vt. 471; Tiffany on Death by Wrongful Act, § 158.

The supplemental charge was erroneous, especially in leaving the jury free to consider the benefit derived by the son by inheriting his mother's property. Although cautioned against this in the original charge, the language of the supplemental charge, when the jury returned for special instructions upon the question of damages, was such as to lead them directly to this method: "How much less is he worth in dollars and cents by reason of her death than he would have been had she lived. That is the way it should be figured out."

*Haskins & Schwenk and Waterman, Martin & Hitt,* for the defendant.

TYLER, J.   The plaintiff's evidence tended to show that the intestate was a widow and about seventy-nine years old; that she had suffered an injury to one hip many years before, which made her slightly lame; that she and her only son and child, Stillman H., lived in different tenements in the house situated upon a farm which they owned together; that her son was fifty-two years old, had a wife and two

children, nine and fifteen years old, respectively; that her son and his wife were in good health; that the intestate did her own work and some work for her son's family, such as sewing and mending, and occasionally, in the absence of her son's wife, got the meals for the family, and did such other work about her son's household and for his family as a woman of her age, condition of health and situation, would naturally do, situated as the family then was.

(1) At common law all actions for personal injuries died with the person injured, and the death of a human being by another's wrongful act, though involving pecuniary loss, afforded no ground for an action for damages in behalf of the widow or next of kin. *Sherman* v. *Johnson*, 58 Vt. 40; *Legg, Admr.* v. *Britton*, 64 Vt. 652. Damages for the death of a person, caused by the wrongful act, neglect or default of another person or a corporation, are recoverable only by force of the statute, V. S. 2451. As was said by the court in *Legg, Admr.*, v. *Britton*, "Strictly it is a new right of recovery arising from an injury to the intestate, which gave or would have given him a right of action and of recovery, if death had not ensued." § 2452 in express terms limits the recovery to the pecuniary injuries resulting from such death, to the wife and next of kin.

The first English statute that gave the right to maintain an action for the recovery of damages for the wrongful killing of a human being was enacted in 1846, and is generally known as "Lord Campbell's Act," 9 and 10 Vict. Chap. 93. Our own statutes and the statutes of many of the other American states have provisions similar to those contained in that Act. While the statute seems capable of but one construction, it has been several times before the court, and it has been held that pecuniary loss or injury was the limit of recovery. *Needham* v. *R. R. Co.*, 38 Vt. 294; *Eames* v. *Brattleboro*, 54 Vt. 471; *Legg* v. *Britton, supra.*

That in estimating the damages the jury are confined to the pecuniary loss sustained by the widow or next of kin,

and cannot take into consideration their grief and mental suffering, nor give damages by way of *solatium*, is well stated in *R. R. Co.* v. *Goodykoontz*, 119 Ind. 111: 12 Am. St. R. 371, and is supported by numerous authorities cited in the notes to that case. There the court said: "Pecuniary loss, not to the estate of the deceased person, but to those who had a reasonable expectation of pecuniary benefit, as of right, or of duty, or from a recognized sense of obligation, from the continuance of the life, is the foundation of this action." 5 Am. and Eng. Enc. 45 and notes; *Franklin* v. *R. R. Co.*, 8 Eng. Ruling Cases, 419 and notes. The cases cited on defendant's brief from the Federal Reports are also in point; *R. R. Co.* v. *Barron*, 5 Wall 90.

But to enable the jury to properly estimate the pecuniary injury, it is obviously necessary that evidence be given showing the situation and circumstances in life of the deceased, his age, probable duration of life, mental and physical condition, ability and disposition to labor, habits of industry and earning power, and also the amount of his estate as bearing upon the likelihood of his becoming a charge instead of being an assistance if he had lived.

In 5 Am. and Eng. Enc. 128, it is said that in estimating such damages the jury may consider the decedent's personal character and mental and physical capacity.

Human lives are not of equal pecuniary value, and the value of services rendered depends upon the wants of the beneficiary; therefore it is competent to show the situation of the persons who claim to have been so injured, and the occasion for and value to them of the services of the deceased. The death of the father of young children who required his care and training, would be a greater pecuniary loss to them than the death of a father would be who had become almost wholly dependent upon his children for his maintenance. So the loss of a husband who maintained and cared for his wife would be a greater pecuniary loss to her than if he were indolent, thriftless and were supported by her.

In *Eames* v. *Brattleboro*, 54 Vt. 471, the presiding judge, in his instrucions to the jury, spoke of the next of kin as of tender age, and remarked that, "like all children of that age, they need the care and nurture of a mother; and you as well as any one know how valuable such care is to young children."

It has been held that loss of intellectual and moral training and proper nurture by a child, and loss of her husband's care and protection by a widow, are within the meaning of the term "pecuniary loss." *Tilley* v. *R. R. Co.*, 24 N. Y. 471: 86 Am. Dec. 297; *McIntyre* v. *R. R. Co.*, 37 N. Y. 287.

In the case at bar the amount of pecuniary assistance which the son might reasonably have expected to receive from his mother, if she had lived, is the sole ground of recovery, and in arriving at that amount the jury should have been guided by the rules above stated.

The exceptions concisely state the situation of mother and son with reference to each other; their dependence upon each other, so far as there was mutual dependence; the mother's physical condition, ability and disposition to perform labor for her son, and his occasion for her services about the work of his house, the care of his children, or otherwise. In view of the pecuniary benefit she would probably have been to him, it was proper to consider the likelihood, at her age and in her condition of health, of her requiring care and expense from her son. This is not an *offset*, as the plaintiff's counsel term it, but an estimate of the pecuniary damages in the light of the probabilities of the intestate's continued life, health and ability to render her son pecuniary assistance.

It was clearly admissible, according to the rules above stated, to show the amount of property possessed respectively by the intestate and her son, as indicating the situation and circumstances of the parties.

The supplemental charge of the court was a concise and accurate statement of the law upon the subject of pecuniary damages, and complied with all the proper requests presented:

"In considering the question of damages, the pecuniary damages of Stillman Lazelle, by reason of the death of his mother, if you come to that question, you are to take into consideration the relation of the mother, in her life, to her son, the way they lived there together, her age, her physical and mental condition, the means which she had for her support, the probability as to her future life and condition, what under the circumstances she would be likely to do of pecuniary value to the son, and what under the circumstances or probable circumstances of the future, he would be likely in the ordinary course of events to do for her, situated as they were, conditioned as they were in all respects as disclosed by the evidence; and the pecuniary damage to him, would be the excess of the pecuniary benefit that she was to him over what he had to do for her; that was the pecuniary value to him. You are to consider the mutual relations of the parties, their attitude to each other, and their probable course of conduct, in reference to doing each for the other. Now in view of all these circumstances, how much in the light of all the evidence do you find was the pecuniary loss to him: how much less is he worth in dollars and cents by reason of her death, than he would have been had she lived. That is the way it should be figured out."

"The relationship and situation of the parties" fully appeared in the evidence and was properly commented upon by the court. The son's loss of the society of his mother was not an element of recovery, nor does the case show any special or peculiar damages arising from the relation between the intestate and her son.

(2) The plaintiff contends that he was entitled to recover at least nominal damages. If death had not ensued, and the intestate would have had a right to maintain an action and recover damages on account of the wrongful act, neglect or default of the defendant, then, death having ensued, the defendant was liable to this action by the administrator in behalf of the son to recover such damages as were just, with

reference to the pecuniary injuries resulting to him from such death. In a certain event the defendant is "liable to an action" and in that action the plaintiff may recover damages for the son's pecuniary injuries if he has suffered any. But suppose the death of the mother relieved the son from a great burden of care and expense, so that he was pecuniarily benefited rather than injured, is he still to have nominal damages? We think that is not the construction to be given the statute; on the contrary, the action is given to recover damages only when there have been pecuniary injuries.

We are aware that this construction is not in accordance with the cases cited on the plaintiff's brief, nor with the general current of American authorities. In *R. R. Co.* v. *Shannon*, 43 Ill. 338, under a like statute, it was held that where a person has met with death caused by the wrongful act, neglect, or default of another, whenever there are next of kin, an action will lie for the recovery of at least nominal damages. *Chicago* v. *Scholten*, 75 Ill. 468. The same is held in the New York cases cited; and in *Howard* v. *D. & H. C. Co.*, 40 Fed. Rep. 195, the court said that as the plaintiff was entitled to recover, he was entitled to nominal damages at least, and to such further sum as is proved within the meaning of the statute. Thomp. on Neg., 1293, says that in the United States, in such a case, nominal damages may be given but that in England it is held that when there is no proof of actual damages, even nominal damages are not allowed.

Some of the authorities that state that nominal damages are recoverable do not distinguish between actions brought to enforce rights of the deceased and actions brought to enforce rights given by the statute to the next of kin.

In *Duckworth* v. *Johnson*, 4 H. & N. 653, the court said: "The questions are, whether a verdict can be entered for the defendant, on the ground that the action cannot be maintained, or the damages reduced to a nominal amount, on the ground that there was a right of action, but that no damage was sustained. My opinion is that, looking at the act of

parliament (9 and 10 Vict.) if there was no damage the action is not maintainable. It appears to me that it was intended by the Act to give compensation for damages sustained, and not to enable persons to sue in respect of some imaginary damage, and so punish those who are guilty of negligence by making them pay costs;" * * "that an action cannot be maintained by the representative of a deceased person without proof of actual damages to the parties on whose behalf the action is brought. The mere proof, therefore, of the death by negligence does not entitle the executor or administrator to a verdict for nominal damages."

In *Boulter* v. *Webster*, 11 Law Times R. 598, the same doctrine was held, that there must be special damages, resulting in death from negligence, and that the action could not be supported to recover merely nominal damages. Cockburn, C. J., said: "Can it be supposed that it was the intention of the legislature to allow such an action to be brought merely to recover nominal damages?" Blackburn, J., said: "Nominal damages are given when the law implies a damage, but here the only right is given by statute." In *R. R. Co.* v. *Barron*, *supra*, the subject of nominal damages is not considered in the opinion, but prominence is given to the fact that damages are compensatory.

As damages are recoverable only by force of the statute and as compensation for pecuniary injuries, there is no ground upon which nominal damages can rest. It is a forced construction of the statute to hold that the words in section 2451, "shall be liable to an action for damages," give an absolute right to recover nominal damages, when upon trial the plaintiff is unable to prove any "pecuniary injuries resulting from such death, to the widow or next of kin," as required by the following section.

*Judgment affirmed.*