JUSTUS R. HOADLEY, ADMINISTRATOR, *v.* THE INTERNATIONAL
PAPER CO.

October Term, 1899.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON and THOMPSON, JJ.

Opinion filed December 4, 1899.

*Contributory negligence—Proximate cause—Sunday Law*—When the ground of
action is the negligence of the defendant in respect to a person injured,
it is no defence that such person was working on Sunday when the cause
of action arose.    That the person injured was so working is neither in
law nor in fact contributory negligence concurring to produce the in-
jury, nor the proximate cause of it.

*Johnson* v. *Irasburg*, 47 Vt. 32, *Holcomb* v. *Danby*, 51 Vt. 435, and *Duran* v.
*Insurance Co.*, 63 Vt. 440, distinguished.

*Charge more favorable than the law*—A charge which left it to the jury to say
whether working on Sunday was a proximate cause of an injury, was
more favorable to the defendant than he was entitled to, and his excep-
tion thereto cannot be sustained.

*Negligence of fellow servant*—The decedent was killed while working for one
Spring, a contractor and builder, in making certain repairs on the de-
fendant's digester ; and since, so far as the case shows, he was neither
employed, paid, directed nor governed by the defendant, the fellow-
servant doctrine is not involved by the fact that the decedent was killed
through the neglect of one who was an employee of the defendant.

*Charge—Duty of defendant*—A charge to the effect that it was the duty of the
defendant to use the care of a prudent man under like circumstances to
see that nothing took place which would render the situation of the
decedent more hazardous than it ordinarily would be in the work upon
which he was engaged, was, in view of the facts in the case, as favorable
to the defendant as it was entitled to have given.

*Evidence proper which meets claim of adverse party*—The defendant's claim,
supported by evidence, being that it was contributory negligence not
to make use of a certain device calculated to lessen the risk in making
the repairs in question, it was proper for the plaintiff to show that the
defendant had, previous to the injury, directed its employee who was
at work with the decedent at the time of the injury not to use such
device.

*Elements of pecuniary loss to children from death of father*—In determining the pecuniary loss to minor children from the death of their father, it is proper to consider, so far as the evidence permits, the physical, moral and intellectual training which they would have received from him during their minority had he lived.

ACTION ON THE CASE for negligence, brought under V. S. 2451 and 2452, by the plaintiff as administrator of Michael Kennedy, deceased. Plea, general issue. Trial by jury, Rutland County, March Term, 1899, *Watson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The decedent while at work upon repairs to a pulp digester in the defendant's mill received injuries which caused his death within two or three days thereafter.

The case is stated in the opinion.

*Butler & Moloney* for the plaintiff.

*Joel C. Baker* for the defendant.

THOMPSON, J.   I.   The defendant excepted to the refusal of the County Court to direct a verdict for it on the ground that the alleged negligence causing the death of the decedent occurred while he was at work Sunday, on the defendant's pulp digester in its paper mill at Bellows Falls, Vt. The defendant also excepted to the charge to the jury on this subject. The instruction was in substance that the plaintiff was entitled to recover if his case was made out in other respects, notwithstanding that the decedent, at the time of the accident, was working for the defendant on Sunday, if the jury found that defendant's negligence was the proximate cause of his death, and his working Sunday, the remote cause.

It is now contended by the defendant that the decedent was working in violation of V. S. 5140, which prohibits the exercise of any business or employment except works of necessity or charity between twelve o'clock Saturday night and twelve o'clock the following Sunday night under a penalty of not more than two dollars, and that consequently the plaintiff is precluded from

recovery.  The jury found that the negligence of the defendant was the proximate cause of the death of the decedent and that he was not guilty of contributory negligence.

There is a conflict of authorities on this subject, but the view adopted by the weight of authority is against the contention of the defendant.  This view accords with reason and the general principles of the law applicable to torts.  The fact that the decedent was working for the defendant on Sunday cannot be said to be either in law or in fact, contributory negligence concurring to produce the injury, nor the proximate cause of it.  This view is recognized in *Johnson* v. *Irasburgh*, 47 Vt. 32, which was decided on the ground that the town was not bound to maintain its highway for use by the plaintiff for an unlawful purpose.  *Holcomb* v. *Danby*, 51 Vt. 435, cited by defendant, was decided on the same ground.  *Duran* v. *Insurance Co.*, 63 Vt. 440, turned upon the terms of the contract on which plaintiff claimed to recover.  The court below, without submitting the question of proximate cause to the jury, should have held that it was no defense to defendant's negligence, that the decedent was working for it on Sunday when its negligence caused his death.  *Baldwin* v. *Barney*, 12 R. I. 392 ; 34 Am. Rep. 670 ; *Sutton* v. *Town of Wauwatosa*, 29 Wis. 21 ; 9 Am. Rep. 534 ; *Baker* v. *Portland*, 58 Me. 199 ; 4 Am. Rep. 274 ; *Phila. W. & B. R. R. Co.* v. *Phila. & H. Towboat Co.* 23 How. (U. S.) 209 ; L. Co-Op. Ed., Book 16, p. 430 ; *Platz* v. *City of Cohoes*, 89 N. Y. 219 ; 42 Am. Rep. 286 ; *Louisville, etc. Ry. Co.* v. *Buck*, 116 Ind. 566 ; 9 Am. St. Rep. 833 ; *Schmidt* v. *Humphrey*, 48 Iowa 652 ; 30 Am. Rep. 414 ; *Boydon* v. *Fitchburgh R. R. Co.*, 70 Vt. 125.  The motion for a verdict on this ground was properly denied.  The charge on this subject was more favorable to the defendant than it was entitled to have given and the exception thereto cannot be sustained.

II.  The defendant excepted to the refusal of the court to direct a verdict for it on the ground that the decedent, at the

6

time of its alleged negligence, was its servant and received the injuries causing his death by reason of the negligence of a fellow servant, another employee of the defendant.

One Spring was a builder and contractor for whom the decedent had worked for many years next before his death. When the defendant had occasion to have work done in the way of certain repairs about its mill, it called on Spring to do it, and he sent his men, including the decedent, to do what was needed. The bill of exceptions, referring to the time when the decedent received the injuries causing his death, states that " Kennedy, while at work on this occasion, was in the employ of Mr. Spring, and no testimony was introduced tending to show that he was either employed or paid or governed or directed by the defendant or any one in its employ." Although all the evidence is referred to in connection with the motion for a verdict, the defendant's counsel has not called our attention to any evidence tending to contradict or modify this statement in the record, nor have we found any having such effect. Standing thus, the question of fellow servant is not involved, as the decedent was the servant of Spring and not of the defendant. *Sherman* v. *D. & H. Canal Co.,* 71 Vt. 325, and authorities there cited. Therefore, the County Court properly denied the motion as to this ground.

III.     Among other things the County Court in substance instructed the jury that it was the duty of the defendant to use reasonable care to see that nothing by itself took place which would render the situation of the decedent while at work in the digester repairing it, more hazardous than ordinary ; and that the care the defendant was thus bound to exercise, was the care of a prudent man under like circumstances. To this instruction the defendant excepted. No exception was taken to the failure of the court to give further instructions on this branch of the case. The deceased was killed by steam and sulphurous acid gas let into the digester by the defendant while the decedent was therein repairing the lining thereof by filling with cement the

spaces between the vitrified brick forming the lining. The defendant knew that he was thus at work when the steam and gas were let into the digester, by the failure of a servant of the defendant to properly close a valve in a pipe through which the steam and gas entered.    The chance of being thus killed was not one of the ordinary risks incident to this employment of the decedent.    The jury must have understood from the language of the charge, that the defendant was not bound to use the care stated, in respect to the ordinary risks attendant upon doing the work in question, and was only liable for negligence on its part that increased the danger beyond the ordinary risk attendant thereon.    Applied to the facts of this case, the instruction was certainly as favorable to the defendant as it was entitled to have given, and there was no legal error involved in the language of the instruction.

IV.    The jury were instructed that one element, proper to be considered in arriving at the pecuniary loss to the minor children of the decedent, resulting from · his death, was the physical, moral and intellectual instruction and training, which they would have received from him during their minority, had he lived, so far as the same was shown by the evidence.    To this the defendant excepted.

The education of a child comprises physical, mental and moral training.    V. S. 683 provides for mental training, and instruction in good behavior by teachers of competent ability and of *good morals,* for all the children of the State, of school age, at the expense of the taxpayers.    The law thus clearly recognizes that intellectual and moral training have a pecuniary value.    A sound mind in a sound body, together constitute the ideal physical man.    It needs no argument to prove that physical training is as necessary for the well being of a child as mental and moral nurture.    The experience of everyday life emphasizes this fact. It is equally apparent that such training has a pecuniary value.    It costs money to secure it for a child from those not its parents.    V. S. 683 also recognizes the pecuniary value of

physical training, when it includes elementary physiology and hygiene among the studies to be taught in our common schools. The training of the child mentally, morally and physically, by the parent, may be, and often is, more effective and lasting for good, than any instruction received in schools and colleges. The loss of the minor children in this respect was, therefore, proper to be considered in determining their pecuniary loss resulting from their father's untimely death. *Tilley* v. *Hudson River R. R. Co.*, 29 N. Y. 252 ; 86 Am. Dec. 297 and note ; *Eames* v. *Brattleboro*, 54 Vt. 471 ; *Lazelle* v. *Newfane*, 70 Vt. 440. Also see note to *Louisville etc. Ry. Co.* v. *Goodykoontz*, 12 Am. St. Rep. 375–383.

V.    Talbot was the foreman of defendant's mill. One Flavian was an employee of the defendant at the time of the accident, and was then at work in the digester with the decedent. The defendant claimed and evidence introduced by it tended to show that a device known as the " dead head " should have been put into the steam pipe, entering the digester, before the deceased went to work in it, and that it was contributory negligence not to use it. Thereupon the plaintiff offered to show that Talbot had directed Flavian a month or two before the accident not to use the " dead heads," and against the exception of the defendant, Flavian was permitted to testify that Talbot said there was no need of the " dead heads " so long as there was a good valve there, and that there was no need of putting them in. This evidence was responsive to the offer and tended to show a direction as claimed in respect to the use of a " dead head." If the jury found such a direction was given, it met the claim of the defendant that it should have been used. There was no error in admitting this evidence.

This disposes of all the exceptions urged on the defendant's brief.

*Judgment affirmed.*