### DIRECTOR GENERAL OF RAILROADS v. PLATT.

(Circuit Court of Appeals, Second Circuit. April 14, 1920.)

No. 224.

1. **Death ☞67—Evidence of fees earned held admissible.**

In an action for wrongful death, where deceased was clerk of the United States District Court, and the Attorney General had not yet fixed the salary of his office under Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, §§ 1385a–1385i), evidence of the fees and emoluments of his office for years prior to his death *held* admissible.

2. **Death ☞64—Evidence showing use of earnings competent.**

Under G. L. Vt. 3315, giving a right of recovery for wrongful death, for the benefit of surviving wife and children, of "such damages as are just, with reference to the pecuniary injuries resulting from such death," it is permissible to show, not only the earnings of deceased, but also that they were largely used for his wife and children.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Dis trict of Vermont.

Action by Clara E. Platt, administratrix of Frederick S. Platt, deceased, against the Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

Writ of error to judgment entered on verdict in the District Court of Vermont. Action to recover for death by wrongful act, pursuant to General Laws of Vermont, §§ 3314 and 3315. Plaintiff's decedent was a member of the bar, who died September 10, 1918, as a result of a collision between two trains on the Boston & Maine Railroad. He was at the time of his death, and for years had been, the clerk of the United States court in Vermont. Liability was not contested, the jury had no other function than to assess the damages, and the exceptions relate only to that subject.

By the statute above referred to the personal representative of the deceased may bring suit and recover "such damages as are just, with reference to the pecuniary injuries resulting from such death." The amount recovered is by statute "for the benefit of [the surviving wife or husband] and next of kin, * * * who shall receive the same proportions as in the distribution of the personal estate of persons dying intestate." Section 3315. After Mr. Platt's death, and before the trial of this cause, the act of February 26, 1919 (40 Stat. 1182 [Comp. St. Ann. Supp. 1919, §§ 1385a–1385i]), became operative. By it all clerks of United States courts are to be paid salaries from and after July 1, 1918, which salaries are to be established by the Attorney General "at not less than $2,500 nor more than $5,000, based in each instance upon the amount of business transacted by the court and the fees and the emoluments received by the clerks in the four years last preceding." Section 1385b. Down to and including the date of trial the Attorney General had not fixed the salary to be received by the clerk of the District Court of Vermont.

At trial plaintiff proved what for several years prior to his decease Mr. Platt's income had been from the fees and emoluments of his clerkship, and also showed in some detail the manner and scale of expenditure of his domestic establishment. This latter evidence tended to prove that decedent devoted his earnings very largely (to say the least) to the comfortable, if not generous, maintenance of his wife, and to the advancement of the affairs of his children, who were at the time of his death of mature years. Exceptions were overruled, the jury returned a verdict which may be said substantially to represent the present value of the income shown to have been that of Mr. Platt, having regard to his expectation of life. To judgment on the verdict this writ was taken.

Stickney, Sargent & Skeels, of Ludlow, Vt., for plaintiff in error.

Charles A. Shields, Alexander Dunnett, and David S. Conant, all of St. Johnsbury, Vt., for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above).  [1] The major portion of decedent's income from earnings had been derived from his office of clerk, and we entertain no doubt that the extent of those earnings was properly admitted in proving damages. The fact that at the time of trial the Attorney General had not fixed the salary of the office was properly laid before the jury as a circumstance for their consideration; but, since by the statute the Attorney General's discretion in the matter was to be guided by what the office had been worth during substantially the time for which plaintiff showed its pecuniary value, the importance of the act of Congress in this case was not great.

Damages, especially in causes like the present, are not assessable with mathematical certainty; there is always a wide margin of discretion left for the jury, and the duty of the plaintiff is performed when the best evidence under the circumstances is produced, and that was done in the case at bar. It happens at times that even the best evidence affords no reasonable basis for damages. Concerning this no absolute rule need be, or perhaps can be, laid down; it is sufficient to hold here that the jury were reasonably warranted in finding (as the verdict shows) that what a man of Mr. Platt's professional reputation, personal character, and general repute had annually made during the latest years of his life, he would continue to gain during the balance thereof.

[2] Objection to the second class of evidence denies that it was lawful to show, in addition to how much the decedent had gained, what he did with it. Under the Vermont statute decedent's personal representative was entitled to recover for the surviving wife and children "such damages as are just with reference to the pecuniary injuries resulting from such death." It is in our opinion obvious that under this language the recovery of or for the widow and children of a man industrious and thrifty, yet generous, should be larger than if the decedent had spent an income of the same amount in dissipation or purely selfish indulgence. Consequently the objection thereto is held unwarranted.

Exactly the foregoing distinction between the recovery appropriate upon the death of a "husband who maintained and cared for his wife" and that of one "indolent or thriftless" is taken in Lazelle v. Newfane, 70 Vt. 444, 41 Atl. 511. In Memphis, etc., Co. v. Letson, 135 Fed. 974, 68 C. C. A. 453, plaintiff was unable to prove the income of decedent, but he proved "his mode of life (and what) he was in the habit of spending on his family." This was sufficient evidence upon which to base a recovery. This decision was approved in The Saginaw (D. C.) 139 Fed. 909, affirmed 146 Fed. 724, 77 C. C. A. 150,[1] where may be found numerous citations to the effect that in measuring damages the assessment is not to be governed solely by the earnings or income of the deceased, "but by what portion of the gross earnings or income the [widow] would probably have received from the deceased as his wife, if he had lived."

Finding no error in the admission of evidence, the judgment is affirmed, with costs.

[1] The further affirmance in 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264, does not touch this point.