## HAMEL v. SOUTHERN RY. CO.

[66 South. 426-809.]

DEATH. *Action for death. Statutory provisions.*

Section 721, Code 1906, as amended by chapter 167, Acts 1908, authorizes actions for injuries producing death, and section 2091, authorizes the legal representative of a defendant to prosecute all suits at law or equity, which decedent might have prosecuted in his lifetime, and section 2093, authorizes the representative of a party to an action who dies before final judgment to prosecute the action; hence a suit by one for personal injuries may, on his death, be revived by his widow, as administratrix, who may recover the damages sustained, and who may afterwards sue, under section 721, for negligent death, but the recovery will be limited to damages not recoverable in the first action.

ON SUGGESTIONS OF ERROR.

DEATH. *Persons entitled to recover. Former recovery. Statutes.*

Section 2091, Code 1906, authorizes the legal representative of a decedent to prosecute all suits which he might have prosecuted in his lifetime; section 2093 authorizes the representative of a a party to a personal action who dies before final judgment, to prosecute the action, and on the death of a person injured without action brought; section 721 authorizes an action by the next of his kin to recover their loss and the loss suffered by deceased and all damages to parties interested in the suit, *held*, that section 2091 referred alone to suits which might have been, but which were not, commenced by the deceased; that section 2093, did not confer upon the administratrix the power to bring a suit, but merely gave the right to revive a suit begun by the decedent, which did not include damages for his death; so that after a widow, as administratrix, had revived an action begun by deceased, and had therein recovered damages for the injuries, she might maintain an action for damages for his death.

APPEAL from the circuit court of Sunflower county. HON. MONROE McCLURG, Judge.

Action by Mrs. Myrtle Hamel against the Southern Railroad Company. From a judgment of dismissal, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Frank E. Everett,* for appellant.

The court will readily see that the sole question in this case is whether or not section 721, Code of 1906, as amended by chapter 167 of the Laws of 1908, and section 2091 of the Code of 1906, and which is section 1916 of the Code of 1892, give rise to two different and distinct causes of action. It is my contention that these sections create two different and distinct causes of action. Section 2091 of the Code of 1906 is as follows: "Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. And they shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased." This section was brought forward from the Code of 1892, being section 1916 of that Code, and into that it was practically copied from the Code of 1880, being section 2078 of that Code.

It has been the law of Mississippi, at least since 1880, that suits filed by a party in his lifetime survived him upon his death, and if they had not begun in his lifetime then his executor or administrator could begin and prosecute such actions as his personal representative in any court of this state. At common law no such right existed. When a party, who had a cause of action for some injury or injuries done him, died, in him died his cause of action; but by statute the common law was changed so as to provide for a survival of such action, and when a recovery is had by his personal representative after his death, the amount so recovered becomes a portion of his estate, and is subject to debts and distribution

as any other personal property that he might have owned
in his lifetime; the personal representative can only re-
cover such damages as could have been recovered by his
intestate, had he lived; and since the creation of the sur-
vival statute it has never been questioned but what the
personal representative of the deceased, when the cause
of action was revived in his name, could recover such
damages as could have been recovered by the party, had
he lived.

In the suit of Mrs. Myrtle Hamel, administratrix of
the estate of James B. Hamel, No. 16496 on the docket
of this court, punitive damages were not recovered, and I
refer the court to the record in that case for the pur-
pose of showing that no recovery was had except such as
could have been recovered by Mr. Hamel, had he lived
and prosecuted the suit to judgment.

Section 721 of the Code of 1906, as amended by chap-
ter 167, Laws of 1908, provides for a separate and dis-
tinct recovery by the next of kin, and which is separate
and distinct from any action that might be brought by
the administrator. This section is in part as follows:
"Whenever the death of any person shall be caused by
any real, wrongful or negligent act, or omission, or by
such unsafe machinery, way or appliances, as would, if
death had not ensued, have entitled the party injured or
damaged thereby to maintain an action and recover dam-
ages in respect thereof, and such deceased person shall
have left a widow or children or both, or husband, or
father, or mother, or sister, or brother, the person or cor-
poration, or both, that would have been liable if death
had not ensued, and the representative of such person
shall be liable for damages, notwithstanding the death
and the fact that death is instantaneous shall in no case,
affect the right of recovery."

The statute then provides in whose name the suit shall
be brought and enumerates those who might bring it, be-
ing the widow for death of her husband, or the husband

for the death of his wife, or by parent or child, or that
all of the parties may join in a suit; and it provides that
there shall be but one suit for the same death, meaning,
of course, that all of the next of kin, regardless of the
number, must be bound by one suit, and cannot bring
each an independent suit; it further provides, in express
terms, that ''executors, or administrators, shall not sue
for damages or injuries causing the death, except as be-
low provided'' then it provides further: ''If the de-
ceased have neither husband or wife, or children, or
father, or mother, or sister, or brother, then the damages
shall go to the legal representatives, subject to debts and
general distribution, and the executor may sue for and
recover such damages on the same terms as are pre-
scribed for recovery by the next of kin in this section,
and the fact that the deceased was instantly killed shall
not affect the right of the legal representatives to re-
cover.''

By the very language of this section it is clear that the
legislature intended, in the enactment of this section, that
a separate and distinct right of action and recovery should
be given to the widow or next of kin of the deceased for
his death; if that were not true the legislature would
have omitted from this section the latter portion thereof,
where it makes provisions for the recovery by the per-
sonal representative in case there be no next of kin, as
enumerated in the statute. It expressly provides that
when there is a recovery for the death of a person by the
next of kin: ''Damages recovered under the provisions
of this section shall not be subject to the payment of the
debts or liabilities of the deceased.''

Instead of contracting the liability and the scope of re-
covery, this section expands it, and gives to the personal
representative of the deceased a right of action which
he did not have before the enactment of this section. If
death was instantaneous, the personal representative had
no right of action for the death, because there was no

right of action in the deceased, and no one but the next of kin could bring the suit.

In support of the proposition that two separate and distinct rights of action are given by the two statutes above referred to, I call the court's attention to the case of *Mahoning Valley Railway Company* v. *Thomas P. Van Alstine, Administrator,* 77 Ohio State Reports, 395, 14 L. R. A. (N. S.), p. 893; *Leggott* v. *Great Northern Railway Company* (L. R.), 1 Q. B. Div. 599; *Bradshaw* v. *Lanshire & Y. R. Co.* (L. R.), 10 C. P. 189; *Robinson* v. *Canadian P. R. Co.,* A. C. 481; *Whiteford* v. *Panama R. Co.,* 23 N. Y. 465; *Putman* v. *Southern P. Co.,* 21 Ore. 230; *Davis* v. *St. Louis, I. M. & S. R. Co.,* 53 Ark. 117, 7 L. R. A. 283; *Belding* v. *Black Hills & Ft. P. R. Co.,* 2 S. D. 369; *Hendrix* v. *Ilwaco R. & Nav. Co.,* 4 Wash. 400, 30 Pac. 714; *Bowers* v. *Boston,* 155 Mass. 244; *Brown* v. *Chicago & M. V. R. R. Co.,* 102 Wis. 317; *V. & M. Railroad Co.* v. *Phillips,* 46 Miss. 702; *McVey* v. *Railroad Co.,* 73 Miss. 492; *St. Louis & S. F. R. Co.* v. *Moore, et al.,* 85 So. 471; *Meekin case,* 164 N. Y. 145; *Woods* v. *Wesson N. Y. R. R. Co.,* 126 N. Y. 10.

*Tim E. Cooper,* for appellant.

It is submitted that nothing is to be gained by considering conflicting authorities in other states under statutes by which an action brought by an injured party to recover for injuries tortiously inflicted upon him, notwithstanding his death, may be prosecuted by his personal representatives; and by which an action is given to those injured by the death of the injured party to recover for their injuries, are separate and distinct causes of action upon which two suits may be maintained, or whether a recovery on one of the suits may be pleaded in bar of the second.

Nothing is to be gained by such investigations, for it cannot be denied, and is conceded that, in this state, it is settled that the injuries, to redress which the action may

be brought or maintained, are distinct in their nature, and that in the absence of a controlling statute two suits are distinct in their nature, and that in the absence of a controlling statute two suits are maintainable. *Railroad Co.* v. *Phillips,* 64 Miss. 693; *McVey* v. *Railroad Co.,* 73 Miss. 492. In the absence of statute, if the death of the injured party was instantaneous, he had no right of action against the wrongdoer, and his administrator could not sue. *Railroad Co.* v. *McVey.* And although the death of the party gave, under the statute, a right of action to his widow as such, a recovery could not be had by her suing as administratrix, and as such she is the representative only of the deceased. *McVey* v. *Railroad Company.* At common law, actions for tort against the person did not survive to his administrator. This rule, and this rule only, was changed by our statutes on that subject. Code of 1880, paragraph 1513; Code of 1906, paragraph 1918; Code of 1906, paragraph 2093.

By our statute there has been giving surviving relatives, a right of recovery for the death of the deceased. Code of 1880, paragraph 1510; Code of 1892, paragraph 663; Code of 1906, paragraph 721. Under the Codes of 1880 and 1892, two suits might have been brought, and two suits must have been brought to recover for the injury done to the deceased, and for the injury done to the next of kin.

The administrator could not recover for the injury resulting to the next of kin by the death; nor could the next of kin, suing for injuries resulting to them by the death, recover for the injury sustained by the deceased to himself or his estate. By the Code of 1906, there were four important changes as to the substantive rights of the parties plaintiff. First, the fact that death was instantaneous does not affect the right of recovery; second, if the suit be brought by the next of kin, the damages sustained by the next of kin or by the deceased are recoverable and are exempt from the debts of the de-

ceased; third, the administrator cannot sue if the deceased had left surviving a husband, wife, children, father, mother, sister, or brother; fourth, when there are no such next of kin, the right of action is preserved to the administrator, who may recover not only for the injury done to the deceased, but also for his death; and all damages so recovered are subject to the debts of the deceased, and the remainder is for distribution to more remote kindred.

The remedial rights of the parties are also changed by the Code of 1906. Inasmuch as all rights dealt with are under the named circumstances combined and in instances given to two or more of a class as, i. e., husband and children, father and mother, brothers or sisters, the statute provides under such named circumstances, that only one suit shall be brought for the death—"but that determination of such suit shall not bar another action unless it be decided on its merits." It is upon this remedial provision that counsel for the appellee rely to sustain the judgment of the court below. Our answer to this is: First, that the statute (paragraph 721) has no application, and does not abate a suit already brought by the deceased, and which by paragraph 2093 of the code survived to his administrator; second, that suit was not for the death of deceased, the present suit is the only suit brought for that injury; third, if the effect of the statute was to abate the suit brought by the deceased, the defendant should have pleaded in abatement of that suit; fourth, the former suit not having been brought for the death of the deceased, there could have been no recovery for that. As it was not involved in the suit, it was not decided on the merits of the matter involved in this suit.

Section 721 of the Code can have no application until there has been first a tortious injury, and second the death of the injured party. It is a post-mortem statute and speaks wholly from that point of time, as to the rem-

edies it affords. Of course, no action can be brought for the death of a person until the person shall have died. "There shall be but one suit for the same death" says the statute. "There has been but one suit for this death" say the pleadings. "But" replies the defendant, "there was before the death a suit by the injured party for all other damages than his death, and these damages should have been included in the suit for the death." And because they were not, the conclusion is urged, that the suit and recovery of these damages in an action brought by the deceased and revived and prosecuted by his administratrix, bars the action given by the statute for the death.

But the statute does not say that there shall not be but one suit for all injuries inflicted by the wrongful act, but that there shall be but one suit for the death. It is true that if no suit had been instituted before the death, any suit thereafter brought must include all damages intentioned to be claimed, both those done to the injured party, and those resulting from his death.

But at common law, the injured party had the right to bring an action for the injury done him. If the injury resulted in his death, his suit in the absence of a statute would abate. The legislature, however, by another section of the same Code (section 2093) provided that, notwithstanding his death, such an action should not abate, but survive in favor of his administrator. There is nothing in section 721 indicating a legislative purpose to control in any decree the effect of section 2093. If it stands repealed or modified *quo modo,* it must be by implication; and I need not cite authorities for the proposition that such repeals are not to be found except upon the ground of irreconcilable conflict in the two provisions. It will not be contended, I assume, that the construction of this statute depends at all upon the fact that the widow of Mr. Hamel took out administration on his estate and prosecuted that action which he had brought in his life-

time. Now, if another than the widow had been appointed administrator, and if she had applied to the court to direct a dismissal of that suit to the end that she might combine the claim of damages therein asserted in a suit to be brought by her as widow under section 721 for the death of her husband, would not the administrator have replied at once, that this suit was one lawfully brought by the intestate, and preserved to him as his representative by section 2093 of the Code? A recovery in that suit would have inured to the benefit of the creditors of Hamel; while if recovery should be had by the widow as the next of kin such damages would be exempt from the debts of the deceased. It would clearly have been the duty of any person acting as administrator to preserve, for the benefit of creditors, whatever rights existed in reference to the suit brought by Hamel. It can, in principle, make no difference that the widow took out letters of administration. Her duty as administratrix, was none the greater or less by reason of the fact that under section 721 of the Code, she was given a right of action for the death of Hamel.

On page 13 of the brief for counsel of appellee, it is said that Mrs. Hamel, having elected to qualify as administratrix and revive and prosecute the action brought by her husband, was precluded, herself, from bringing a subsequent suit to recover such damages as are allowable under section 721. While counsel do not name this proposition, it is manifestly invoking, against Mrs. Hamel, the rule of estoppel. It is submitted that no authority is cited, and it is believed that none can be found applying the doctrine of estoppel against one personally, because of his action in a representative capacity. In *Leggett* v. *Railroad Company,* 1 Q. B. Div. 599, this question is expressly and definitely settled. See, also, *Wood* v. *Bullard,* 7 L. R. A. 304; 12 Ency. Law 90. Not only under the application of this rule, viz: That judicial proceedings in a representative capacity do not bind the

personal rights of a representative, it is further submitted, that there is no equitable estoppel because it affirmatively appears by the pleadings in the case that the defendant knew of the facts as fully as Mrs. Hamel did, and it was its duty to protect itself. And further, it may be said that the defendant has not been at all injured. The damages which were recovered by Mrs. Hamel as administratrix cannot be again awarded in her personal suit; the damages which can be awarded are only those for the death of Mr. Hamel, and they were not and could not have been recovered in her action as administratrix.

*Catchings & Catchings,* for appellee.

Counsel for appellant states in his brief that the sole question is whether or not section 721 of the Code of 1906, as amended by chapter 167 of the Laws of 1908, and section 2091 of the Code of 1906, give rise to two different and distinct causes of action. He contends that they do, and inferentially concedes that if they do not the demurrer was properly sustained.

This is a correct statement of the precise issue raised by the demurrer, and we will undertake to show that the contention of counsel for appellant is wholly without merit. In support of the proposition that the two statutes create separate causes of action, counsel cites many cases from other states and also some decisions of this court. The case of *V. & M. R. Co.* v. *Phillips,* 64 Miss. 687, is cited as holding that two entirely distinct causes of action exist by which such damages as were sustained, by the person who suffers injuries resulting in his death, could be recovered in one suit and those suffered by his heirs at law in another, and *McVey* v. *R. R. Co.,* 73 Miss. 487, is cited to the same effect. Under the statutes of this state which were in force at the time these decisions were rendered, they were manifestly correct, but unfortunately for appellant, the legislature had so altered them that these decisions are no longer of binding force, and this has been expressly held by this court itself.

In the Phillips case, Judge CAMPBELL pointed out that under section 2078 of the Code of 1880, which corresponds to section 2091 of the Code of 1906, the right of an administrator to sue and recover whatever damages his intestate might have recovered if living, was indisputable and that section 1510 of the Code of 1880, which to some extent, corresponds to section 721 of the Code of 1906, as amended by the Act of 1908, although it is a radically different and distinct cause of action in favor of the heirs at law of a deceased person for damages suffered by them. The concluding portion of this section is as follows: "In every such action the jury may give such damages as would be fair and just with reference to the injuries resulting from such death to the person suing."

There is nothing in this section which prohibits an administrator or executor from suing for the damages sustained by the decedent. Inasmuch therefore, as section 2078 expressly authorizes suits by executors and administrators whenever they could have been brought by the decedent if death had not ensued, and section 1510 in terms provided for suits by the heirs at law to recover the damages sustained by them, with no prohibition against suits by executors or administrators, there can be, we think, no question that the conclusion of Judge CAMPBELL was the only logical one. Unless there were two distinct causes of action, a full recovery of all damages sustained by all parties could not have been had. Under section 2078 only the damages sustained by the decedent could be recovered, and under section 1510 only those suffered by the heirs at law could be awarded. It was essential, therefore, to hold that separate cause of action existed, and different suits could be maintained in order to permit the recovery of full compensatory damages.

The statute law was in substantially the same condition when Judge COOPER delivered the opinion of the

court in the McVey case, and he, therefore, reaffirmed the doctrine of the Phillips case. He expressly held that there was no authority in this state for the proposition that the two separate and distinct causes of action existing in behalf of the personal representative of a deceased person to rceover damages sustained by him, and in behalf of the heirs at law of such person to recover their damages, could be joined in the same suit. If the two causes of action could not be joined, it of course, followed that they were separate and that different suits could be brought.

The difference between the statute law is, it existed at the time these decisions were rendered and at the present time is radical and far-reaching. As we have said, section 2091 of the Code of 1906, which merely provides for the prosecution by executors and administrators of all personal actions which might have been commenced and prosecuted by their testator or intestate in his lifetime, is substantially the same as the corresponding provisions of the Codes of 1880 and 1892. Section 721 of the Code of 1906, however, as amended by the Act of 1908, is very different from those sections of the two prior Codes, which authorized an action to be brought on behalf of heirs at law for the damages sustained by them on account of the death of the person through whom they claimed. Thus it is expressly provided by section 721 that "in such action the party or parties suing shall recover such damages as the jury may, taking into consideration all damages of every kind, to any and all parties interest in the suit, award." It also provides that "executors and administrators shall not sue for damages or injury causing death except as below provided," the provision being that they may so sue where the deceased left neither husband, nor wife, or children, or father, or mother, or sister, or brother. It will be seen therefore, that the whole reasoning upon which the decisions in the Phillips and McVey cases are founded, has no applica-

tion whatsoever under the existing law. At that time all damages of every kind could only be recovered by two suits, while in section 721 it is expressly stated that all damages of every kind to the heirs at law as well as to the decedent himself may be recovered in one. If, therefore, a suit can now be maintained under section 2091 of the Code of 1906, by an administrator to recover the damages sustained by his intestate, and another can be maintained under section 721 by the widow to recover the damages suffered by her and also the damages sustained by the decedent, there will have been a double recovery of the damages sustained by the injured person. To prevent this, and to change the law as it formerly existed by virtue of the decisions in the Phillips and Mc Vey cases that separate actions could be brought by administrators for the daamges sustained by their intestates and those suffered by the heirs at law, it was provided that actions should not be brought by executors or administrators where the decedent left near relatives. While the distinction is so clear as to be obvious and not to require the citation of authorities, this court has itself called attention to it. In *R. R. Co.* v. *Hicks*, 91 Miss. 273, this court said, on page 363 of its opinion, that it would have been competent for the plaintiff to have brought suit as administrator to recover the damages sustained by Hicks himself, and in her own name to recover her own damages, "but for the provision for but one suit in chapter 65, page 82, Act of 1898." This Act was consequently brought forward into the Code of 1906 as section 721. The court proceeded to quote chapter 65, Laws of 1898, which it pointed out was the same as section 721 of the Code of 1906, and said, on page 366 of its opinion:

"This chapter has been recently construed by us in the case of *Pickens* v. *I. C. R. R. Co.*, 45 So. 868, in which the suit was brought to recover damages for the death of one not an employee; that is to say, under our statu-

tory provisions embodying the doctrine of Lord Camp-
bell's Act, which had their final expression at that time,
and when this present suit was brought, in said chapter
65, page 82, of the Laws of 1898.

In that case we said: "It is apparent from the act
cited that there can be but one cause of action for any
injury producing the death of any party." This stat-
ute was enacted for the purpose of uniting in one suit
all causes of action which might have heretofore existed
for any injury whereby the death of the party was pro-
duced.   Whatever may have been the common law-rule
upon this subject, this is now the rule in this state under
the act and section above quoted. The law expressly pro-
vides that "whenever the death of any person shall be
caused by any real, wrongful or negligent act, as would,
if death had not ensued have entitled the party injured
or damaged thereby to maintain an action and recover
damages in respect thereof," etc., and then proceed to
say that in such action, that is to say, in an action for
damages for the death of a person caused by a wrong-
ful or negligent act, etc., the party or parties shall re-
cover such damages as the jury may think proper, taking
into consideration all damage of every kind to the dece-
dent and all parties interested in the suit.   This chap-
ter provides expressly that there shall be but one suit,
and that in that suit there shall be but one recovery, and
that recovery shall be for all damage of every kind to
the decedent and all damage of every kind to any and all
parties interested in the suit.   See, also, *Foster* v. *Hicks,*
93 Miss. 219.

It thus appears that this court has decided that the
purpose and effect of section 721 is to prohibit the bring-
ing of more than one action for injuries causing death.
It is to be noted that section 721 does not relate merely
to actions for damages for the death of persons who re-
ceived injuries producing death, but, comprehends all
actions which may be brought on account of such injuries

without regard to the exact character of the damages claimed. The distinction is pointed out for the reason that it may be contended, although the point is not raised by the demurrer, that because in the trial of the first action, the court instructed the jury that they might award only such damages as were suffered by Hamel in his lifetime, there would be no double recovery if in the present suit, the jury should be instructed to award only such damages as accrued to the widow because of his death. Courts cannot, we submit, thus change the scope and effect, and limit the application, of statutes. They must take them as they are written. In any action brought under section 721 all damages sustained by all persons, including the decedent, must be awarded. As held in the Pickens and Hicks cases, the legislative intent was to prevent the bringing of more than one suit for the injuries causing death, and this wise policy cannot be changed by litigants who, for purposes of their own, prefer to bring two suits. If section 721 related only to actions for damages caused by the death of persons who suffered injuries producing death, and therefore only prohibited two actions for such damages, it might be that the legislative policy could be evaded by bringing one action for damages sustained only by the decedent, and another for his death, as was done in this case. But as section 721 in terms embraces all actions for injuries producing death without regard to the specific claim of damages, and provides, as construed by this court, that only one action may be brought for and on account of such injuries, in which all damages shall be assessed, it is manifest that two actions do not and cannot lie.

It is evident, we think, from an inspection of the demurrer, that it was framed upon the idea that the doctrine announced by the Phillips and McVey cases was still the law of this state, and this is borne out by the fact that these cases are cited in the brief of counsel for

appellant as controlling authority. The fourth ground of demurrer is that the suit by Mrs. Hamel, as the widow and that by her as administratrix, are founded upon two separate and distinct causes of action, which cannot be joined. This is in accordance with the ruling of Judge Cooper in the Phillips case, but is in direct conflict with the terms of section 721, which provides for the recovery of all damages in one action, and with the decisions in the Hicks and Pickens cases, that its effect is to prohibit the maintenance of two suits for damages on account of injuries resulting in death.

Cook, J., delivered the opinion of the court.

The pleadings make the case here for review, and, omitting the formal parts, they are as follows:

"The plaintiff shows to the court that the defendant, the Southern Railway Company in Mississippi, a corporation organized under the laws of the state of Mississippi, owns and operates a right of way, track, and locomotives from the city of Columbus to the city of Greenville, Mississippi, running through and across the county of Sunflower, in said state of Mississippi, which locomotives and cars, both passenger and freight, it operates for hire and reward; the persons offering to become passengers over its said road and on its said passenger trains paying the charges demanded by the said defendant company for their passage over its said road.

"The plaintiff further shows that she was the wife of the said James B. Hamel, in his lifetime, living with him in the town of Itta Bena, in the county of Leflore, state of Mississippi, through which the defendant company operates its said road; that on or about the 19th day of October, 1911, her husband, James B. Hamel, took passage on the passenger train of the defendant company known as No. 3, running from Winona to Greenville, Mississippi, boarding said train at Itta Bena, destined to Holly Ridge, in Sunflower county, Mississippi, which said

train passed Itta Bena at about seven -thirty o'clock a. m., and that he purchased a ticket at Itta Bena for Holly Ridge, and thereby became a passenger on the train of the defendant company and entitled to all the care, skill, and protection which could be afforded by the defendant company while such passenger on its said passenger train.

"The plaintiff further shows that while en route from the said town of Itta Bena to the village of Holly Ridge, and about two miles east of Indianola, in the county of Sunflower, and while the train on which her said husband was a passenger was running, through the carelessness, negligence, and recklessness of the defendant company in the management and operation of its said passenger train on which the defendant was riding, her said husband, James B. Hamel, was violently thrown from the running cars of said train, precipitated to the ground, and thereby breaking some of his limbs and otherwise bruising, injuring, and mangling his body to such an extent that he soon died from the injuries received by him, and caused by his being so violently thrown from the running train on which he was a passenger; his death being the direct result of the injuries received by him from the careless, negligent, and reckless acts of the defendant company. The said defendant company, through its agents, employees, and servants, disregarding the rights and safety of those who were passengers on its said passenger train, so carelessly, negligently, and recklessly operated said train, so as to cause the injuries so received by the said James B. Hamel, and from which said injuries he (the said Hamel), died," etc.

To this declaration defendant interposed the following plea:

"And now comes the defendant and for further plea to the plaintiff's declaration says *actio non*: Because, it says, that J. B. Hamel, for the damages for whose death this suit was instituted by plaintiff, in his lifetime, on

the 30th day of January, 1912, filed in this cout a declara-. tion against this defendant, in which said Hamel charged all of the facts that are, by the plaintiff, in her declaration, charged against this defendant, except that the said Hamel died as a result of the alleged wrongful act of this defendant, and, on the facts so charged in said declaration, claimed, that he was damaged in the sum of twenty-five thousand dollars, for which he brought suit and demanded judgment against this defendant.

"In pursuance to the process of this court, duly executed on this defendant, this defendant, on the 15th day of March, 1912, pleaded to the declaration so filed against it by the said James B. Hamel. Thereafter, on or about the 1st day of May, 1912, the said James B. Hamel died intestate, and afterwards, upon her application and on the —— day of ——, 1912, his wife, Mrs. Myrtle Hamel, the plaintiff in the above-styled cause was, by the chancery court of Sunflower county, Mississippi, duly appointed administratrix of the estate of the said James B. Hamel, and entered into bond and took the oath prescribed by law, and duly qualified as such administratrix and entered upon the discharge of the duties required of her. Thereafter, on the 31st day of May, 1912, the said Mrs. Myrtle Hamel, the plaintiff, as such administratrix, filed in this court a motion to revive the cause of James B. Hamel against this defendant, referred to, in her name as such administratrix of the estate of James B. Hamel, deceased. Thereafter the said cause of James B. Hamel against this defendant, which was revived in the name of Mrs. Myrtle Hamel, the plaintiff, as administratrix of his estate, proceeded to trial on the issues presented by the pleadings filed in said cause, and resulted in the jury returning a verdict for the plaintiff in the sum of four thousand, five hundred dollars, upon which the judgment of the court was entered in favor of the plaintiff against this defendant. The cause filed by James B. Hamel against this defendant, above referred

to, is styled '*James B. Hamel* versus *Southern Railway Company in Mississippi*,' and numbered 2551 on the dockets of this court, and to the declaration, the process served on this defendant, the pleas field by this defendant, the motion to revive said cause in the name of Mrs. Myrtle Hamel as administratrix, the order of the court reviving same, the verdict of the jury and judgment of the court, as the same appears on file and of record in said cause, reference is now made and the same asked to be taken and treated as a part hereof.

"The defendant avers that the wrongful act charged against this defendant by the declaration filed in the suit of James B. Hamel against it, numbered 2551, above referred to, is the same wrongful act charged against this defendant in this, the above-styled cause, but defendant avers that in the suit above referred to, filed by James B. Hamel, after it was revived and after the declaration was amended, it was not charged that the said Hamel's death was caused by said alleged wrongful act; it being simply charged that he thereafter died.

"Wherefore, the defendant avers that because of the alleged wrongful act of this defendant, and by which it is claimed James B. Hamel was injured, the said James B. Hamel, in his lifetime, brought suit against this defendant in a court of competent jurisdiction, and which said suit was subsequently, on the death of the said James B. Hamel, revived and a judgment entered against this defendant in full for all damages alleged to have been sustained by the said James B. Hamel, because of said alleged wrongful act, and which judgment was duly entered at the time the declaration in the above-styled cause was filed. Therefore defendant further avers that at the time the declaration in the above-styled cause was filed, even if the facts alleged therein are true, the said James B. Hamel, because of the facts herein alleged, could not have maintained an action against this defendant, if his death had not ensued, and therefore the plain-

tiff ought not to have or maintain the aforesaid action
against it; and this the defendant is ready to verify."

To the foregoing plea plaintiff demurred as follows:

"Now comes the plaintiff, by her attorney, and demurs
to the special plea filed in this cause by the defendant,
and prays the judgment of the court if she shall further
answer make thereto, and for cause of this demurrer she
assigns the following:

"First. Said plea sets up no defense to the action of
the plaintiff.

"Second. Said plea in the facts stated therein shows
the present action to be separate and distinct from the
cause of action set forth in cause No. 2551 on the docket
of this court.

"Third. The cause of action stated in this case is
separate and distinct from the cause of action stated in
the cause styled *Mrs. Myrtle Hamel, administratrix of
the Estate of James B. Hamel, Deceased,* versus *South-
ern Railway Company, in Mississippi,* No. 2551.

"Fourth. The cause of action in the name of the
widow of Jas. B. Hamel, deceased, for his death caused
by the negligence of the defendant company, is separate
and distinct from any cause of action of the administra-
trix or executrix of the estate of the said James B. Hamel,
and the two causes of action cannot be joined.

"Fifth. Said plea is in contravention of section 721
and section 2091, Code of 1906.

"Sixth. For other causes to be assigned on the hear-
ing of this demurrer."

The court overruled the demurrer of plaintiff to the
special plea of defendant, and plaintiff refused to fur-
ther plead to same whereupon the court dismissed the
suit and plaintiff appeals.

In addition to the pleadings, the summary of the facts
appearing in the brief of appellee will make clear the
issue and the precise point for decision, and is here
quoted, viz.:

"In October, 1911, one James B. Hamel, the husband of appellant, while a passenger on one of appellee's trains, in some unknown manner fell therefrom and suffered serious injuries. After his fall Mr. Hamel remained unconscious for some ten days, and was thereafter unable to give any account or make any explanation of how the accident occurred. He brought suit against appellee, in which he set up the facts of his falling from the train, and that he received injuries and suffered pain and anguish as the result thereof, and asked damages in the sum of twenty-five thousand dollars. Before the suit could be tried, he died, and appellant, having qualified as administratrix of his estate, upon her motion the circuit court of Sunflower county, where the case was pending, entered an order reviving it in her name as administratrix. Having been brought by Mr. Hamel in his lifetime, the declaration did not, of course, claim any damages for his death, and, after it was revived, no amendment was filed claiming such damages. At the trial the plaintiff did not undertake to show how the accident happened, but relied simply upon the statutory presumption of negligence, and recovered a judgment for four thousand, five hundred dollars. While no allegations was made in the declaration that Mr. Hamel's death was caused by his injuries, the testimony showed that he suffered a steady decline in health from the time he was injured until his death. His attending physician, however, testified that the immediate cause of his death was pellagra, but that his death would not have occurred so soon but for the fact of his injuries.

An instruction was given at the instance of the defendant that no damages should be allowed, except those which were suffered by Mr. Hamel in his lifetime, and that nothing could be awarded on account of the damages suffered by his heirs at law because of his death. The judgment for four thousand, five hundred dollars was rendered on the 10th day of October, 1912, and four days later the present suit was instituted by appellant, as the

widow of James B. Mamel, to recover such damages as she alleged were suffered by her by reason of his death, which was charged to have been caused by the injuries received by him as aforesaid. The appellee filed a plea of general issue and a special plea, setting up the institution by Mr. Hamel in his lifetime of the suit above referred to, its revival in the name of Mrs. Hamel, as administratrix, and the recovery of the judgment for four thousand, five hundred dollars. It alleged that the recovery in the former suit was had for and on account of precisely the same injuries which were declared upon in the second suit, and that the pendency of the first suit, and the recovery of the judgment therein, was a bar to the second suit."

Did the revivor and prosecution to judgment of the suit brought by Mr. Hamel, deceased, by his widow, as administratrix of his estate, bar the present action? The determination of this question can be reached by a construction of all the statute law of this state. Section 721, Code of 1906, as amended by chapter 167, Acts 1908, comes in to play after the death of the party injured, where no suit had been brought by the deceased in his lifetime, and in that event the next of kin suing could, under this section, recover, not only their loss, but the loss suffered by the decedent and all damages to any and all parties interested in the suit. Under this section, the legal representatives of the deceased cannot sue, unless the deceased did not have surviving him any of the next of kin mentioned in the act. Section 2091, Code 1906, gives to the legal representatives of deceased persons the power to prosecute all suits at law or equity which the deceased might have prosecuted in his lifetime. That section refers alone to suits which might have been but were not commenced by the deceased. Section 2093, Code 1906, relates to cases where the deceased had begun a suit, but the suit had not reached a final judgment before his death.

108 Miss. 13

The action begun by Mr. Hamel was covered by section 2093, and that action, of course, did not embrace damages for his death, and, when it was revived in the name of his administratrix, it follows that the judgment could not have been for anything more than was recoverable by Mr. Hamel himself. In this case section 2091 has no application, because the deceased could not have commenced and prosecuted this suit. We think that section 721, as amended, necessarily applies to the facts of this case, for the reason that by neither of the other sections could be damages here involved have been recovered.

Of course the widow could have qualified as administratrix and dismissed the suit brought by the deceased, but she could not, as administratrix, have successfully prosecuted the present suit. She did, however, revive the suit begun by her husband and prosecute it to final judgment. She did not and could not in that suit recover damages for the death of Mr. Hamel. This present suit seeks to recover damages for the death alone, and this is the cause of action to which section 721 has peculiar application, and this suit could not have been prosecuted by the administrator, and is therefore not affected by the suit which was prosecuted by the administrator.

As has been said by counsel for appellant, section 721 "is a post-mortem statute," and applies to actions which could not have been brought by the deceased. Section 721 can never apply until there is a death, because it is a suit for damages for the death, which is given to the next of kin of the deceased, and, if begun by one of the class, no other suit can be brought "for the death." Ordinarily a suit brought under section 721 covers all the damages suffered by deceased and by all other parties interested, but as all damages, except for the death and damages to the next of kin, have been recovered in the former suit, the recovery in this case will be limited to damages which were not recoverable in the former case.

It would seem that the legislature could not have had in mind a situation like the one presented by this record when it adopted sections 2091 and 2093 of Code of 1906. If we read section 721 alone, and leave out of consideration sections 2091 and 2093, it is not altogether clear whether this suit can be prosecuted under section 721, since the action begun by deceased embraced a part of the damages ordinarily recoverable under that section; but reading the several sections together, and considering the language employed in section 721, it seems clear that the legislature did have in mind a situation similar to the one presented here. This section does not say, as contended by distinguished counsel for appellee, that there should be but one suit for the damage or injury causing the death, but it does say that there shall be but one suit "for the same death." We believe the legislature did not intend that a suit brought by deceased and finished by his administrator precluded his widow from bringing another suit for damages for his death which were not recoverable in the first suit, and which are recoverable in this suit, merely because the damages recovered in the first suit are in a majority of cases sued for and recovered in the same case with damages for the death.

*Reversed and remanded.*

OPINION ON SUGGESTION OF ERROR.

COOK, J., delivered the opinion of the court.

It is said, in the suggestion of error, that the cases are in accord upon the proposition that if the deceased, after receiving an injury, enters into an agreement of settlement and release of liability therefor, it will bar an action by his personal representatives or next of kin to recover for death subsequently resulting from such injury. It is insisted if this postulate is conceded, it necessarily follows that the revival of the suit by the adminis-

tratrix of the deceased, and the prosecution of same to final judgment by her, will also bar the present suit brought by her as widow of deceased, under section 721, Code 1906.

*Legg* v. *Britton*, 64 Vt. 652, 24 Atl. 1016, is cited to support the suggestion of error, and it undoubtedly does support it. In that case it is said:

"Although such recovery should be by an executor or administrator in a suit commenced by the intestate, or commenced by such executor or administrator, if the recovery be in the right of the intestate while living, such recovery, in the legal effect, would antedate the death of the intestate, exhaust his right of action, and nothing would remain to survive for a subsequent action."

It seems clear to us that under our statutes no suit could have been maintained by the widow had the deceased settled his claim for damages in his lifetime, nor could this suit be maintained if the record showed that the suit brought by the deceased had been prosecuted to final judgment by the deceased. The reason for this conclusion is written into the statute itself. Section 721, Code of 1906. If the deceased had released the railway company in his lifetime, or if he had prosectued his suit to final judgment before his death, he would not have been entitled "to maintain an action and recover in respect thereof," nor would his next of kin have had a right of action under such circumstances, because the right in the decedent to maintain the action is made a condition precedent for that given by the statute to the next of kin. In this case, however, the deceased did not release the railway company, nor did he prosecute to final judgment the suit brought by him. We think the statute (section 721) applies, because at the time of his death deceased had the right to prosecute a suit for damages for the injuries inflicted on him.

It will be noted that the supreme court of Vermont has twice decided the question here presented. In *Need-*

*ham* v. *Grand Trunk Railway Co.*, 38 Vt. 294, the court discussed the question and came to a conclusion opposite to the decision in *Legg* v. *Britton, supra.* In the latter case it is said that the question was not involved in *Needham* v. *Railway,* and therefore the comments of the court was *obiter dictum.* However that may be, we think the reasoning in *Needham* v. *Railway Co.* is sound, and we prefer to follow the same.

*Leggott* v. *Great Northern Railway Co.*, 1 Q. B. Div. 599, we think, is in point and supports the original opinion in this case.

The statutes of the several states vary in language and the decisions of the courts construing particular statutes are not always helpful, but we are of opinion that the three sections of our Code, read as one act, give two causes of action in the circumstances we have here. If the deceased had not begun an action for his injuries, only one suit could have been maintained, and that suit is provided for by section 721. The deceased had begun a suit in his lifetime, and this suit was revived and finished by the administratrix, and included damages for the injuries, but did not cover damages for his death. The present suit is for damages for the death which could not have been recovered in the suit revived. In the original opinion we construed the several sections of our Code touching the matters in controversy, and endeavored to harmonize them.

To recapitulate, we held: (1) Section 2091 refers alone to suit which might have been but were not commenced by the deceased. (2) Section 2093 relates to cases where deceased had begun a suit, but had not ended before his death. The latter section was the section giving authority to the administrator to revive and prosecute the suit which had been brought by Mr. Hamel before his death. This section contemplated just the state of case find here. A suit had been started, but not ended, and it was the right of the administratrix, and probably it was her duty, to revive it.

The suit brought by the decedent was maintainable under the common law, but, without the statute, did not survive. Section 721 gives a cause of action which did not exist at common law, and when there are surviving the deceased next of kin of the classes named in the statute, and no suit is pending at the time of the death, only the next of kin can prosecute the suit.

Section 2093 does not confer upon the administrator the power to bring a suit—it merely gives the right to revive a suit. The suit revived here did not include damages for the death. Under section 2091 the administrator could not have instituted the suit, which was revived because section 721 provides that this cannot be done where there are surviving next of kin named in the statute. So it is, section 2091 has no application to the facts of the instant case. In the first case the administratrix was the widow, and the plaintiff in the present case is the widow. Suppose the administrator had been some one other than the widow, can it be said that the administrator could not have revived and prosecuted the suit begun by decedent, because there was a widow? We think not. We think the creditors of deceased, if he had any, were interested in and had a right to have the suit prosecuted for their benefit. If this is true the revival of the suit brought by the deceased before his death would nullify section 721 of the Code of 1906, if the position taken by the suggestion of error is maintainable. We cannot assent to this result, as it is clear that section 721 was designed to prefer the family of the deceased rather than that of creditors. We do not believe full force and effect can be given to each section of the Code by any other construction than the one we have adopted.

*Suggestion of error overruled.*