HARRIS *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

[71 South. 878.]

DEATH. *Right of action. Former recovery by deceased in life time.*
Under Code 1906, section 721, providing that whenever death is caused by wrongful or negligent act which, if death had not resulted, would have entitled the party injured to maintain an action and recover damages in respect thereof, his next of kin or representative may sue therefor; there can be no recovery for death caused by injures for which deceased recovered judgement while living.

APPEAL from the circuit court of Madison county.

HON. W. H. POTTER, Judge.

Suit by Addie M. Harris against the Illinois Central Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*H. B. Greaves,* for appellant.

*Mayes, Wells, May & Sanders,* for appellee.

HOLDEN, J. delivered the opinion of the court.

This case is appealed from the circuit court of Madison county where Mrs. Addie M. Harris, plaintiff below and appellant here, filed her suit against the appellee railroad company for damages for the death of her husband, under section 721, Code 1906. About one year prior to the filing of the present suit Mr. Harris, the deceased husband of appellant, while in the employ of appellee railroad company, was injured in the yards of the appellee, having his leg crushed and otherwise injured, for which injuries Mr. Harris filed suit against the appellee for damages, and during his lifetime prosecuted this suit to a final judgment in the circuit court, obtaining a verdict and judgment for five thousand dollars, which, on appeal to the supreme court, was affirmed. Pending this appeal in the supreme court, Mr. Harris died and his widow, the appellant here, appeared as administratrix of his estate and revived the case in the supreme court in her name as such. This case is reported in 67 So. 55. After the affirmance of the judgment in that case, the appellant here, Mrs. Addie M. Harris, widow of deceased, filed this suit in the circuit court of Madison county, asking only for such damages as she and her minor children had sustained by reason of the death of the husband and father. A special plea was interposed there by the defendant to this declaration, presenting the contention

that Mr. Harris himself had recovered a final judgment in his lifetime on the same cause of action, and that this final judgment obtained during the lifetime of the injured party, Mr. Harris, was a settlement of, and an extinguishment of, the cause of action. A demurrer by the plaintiff to this special plea was overruled by the lower court, and from that judgment this appeal was taken.

The appellant very ably contends that the lower court erred in overruling the demurrer, and argues that:

"There are two elements of damages which are easily perceptible arising out of an injury causing death, where the death is not instantaneous, and the party injured has a wife and children dependent upon him for support; and they are, first, such injury as the deceased suffered, mental and physical, occasioned to him by the injury up to the time of his death; and, second, such injury as the widow and children have sustained independent of those suffered by the deceased, by being deprived of their means of support, which are within the contemplation of section 721, Code 1906."

Counsel further contends that:

"Section 721 can never apply until there is a death, because it is a suit for damages for the death, which is given to the next of kin of the deceased."

And the case of *Hamel* v. *Southern Railway Co.*, 66 So. 426, 809, a recent decision of this court, is cited and relied upon as authority to sustain the contention of appellant here. There is a marked difference in the Hamel Case and the case before us now. The distinguishing feature between the two cases is this: In the Hamel Case the deceased had not prosecuted his claim to final judgment in his lifetime. In the case before us now, the deceased husband had prosecuted his cause of action to final judgment in his lifetime. Therefore, at the time of the filing of the instant suit, the claim for damages for the personal injuries to Mr. Harris had been extinguished and settled by a final judgment prosecuted and obtained during the lifetime of Mr. Harris. The fact that Mr. Harris died

while this final judgment of the circuit court was pending on appeal in the supreme court cannot alter the situation, for the reason that the judgment of the circuit court was a final judgment, and was pending in the supreme court only for the purpose of review, and which was, as a matter of fact, subsequently affirmed by this court. In the Hamel Case, *supra,* suit had been filed by Hamel in his lifetime for the injuries received by him, but he died before a final judgment was rendered in the case. Consequently Hamel had an unsettled claim for his injuries then pending at the time of his death. This court held in that case that under those circumstances damages might be recovered in the two separate suits. But in the case before us now the claim for damages for the personal injuries received by Mr. Harris was settled and extinguished before his death by a final judgment for five thousand dollars. Therefore there can be no recovery in the instant case for the reasons set out above.

In *Hamel* v. *Railway Co.,* *supra,* 66 So. 809, in delivering the opinion on suggestion of error, the court said:

"It seems clear to us that under our statutes no suit could have been maintained by the widow had the deceased settled his claim for damages in his lifetime, nor could this suit be maintained if the record showed that the suit brought by the deceased had been prosecuted to final judgment by the deceased. The reason for this conclusion is written into the statute itself. Section 721, Code of 1906. If the deceased had released the railway company in his lifetime, or if he had prosecuted his suit to final judgment before his death, he would not have been entitled 'to maintain an action and recover in respect thereof,' nor would his next of kin have had a right of action under such circumstances, because the right in the decedent to maintain the action is made a condition precedent for that given by the statute to the next of kin."

We agree with the views expressed above by Justice Cook, and adopt them as the law governing this case. It would be unsound to hold that a person cannot in his life-

time make a complete and full settlement for injuries received by him, which settlement might include all future as well as all present damages. Therefore, when the deceased in his lifetime, by a final judgment of his cause of action, settled his claim for all damages on account of his injuries, he thereby exhausted his right of action, which is a condition precedent to the recovery under section 721, Code 1906. The weight of authority is that a release or recovery by the injured party in his lifetime will bar a suit by the next of kin for the death. *Legg* v. *Britton,* 64 Vt. 652, 24 Atl. 1017. The judgment of the lower court is affirmed.

*Affirmed.*