ALMON, Justice.
Evie Dianne Franklin and James Anthony Watkins appeal from a summary judgment entered in favor of the estate of James Alton Watkins (“Watkins”) on their claim for a judgment declaring them entitled to a portion of a sum of money obtained pursuant to a settlement agreement in a personal injury action filed by Watkins prior to his death. Evie and James are Watkins’s children, and Watkins is survived by a widow, Mildred H. Watkins (“Mrs. Watkins”), who is not Evie and James’s mother and who is the beneficiary of Watkins’s will. The issue is whether the settlement sum should pass through Watkins’s estate as a personal injury recovery or should be distributed to his heirs as a wrongful death recovery.
Mrs. Watkins petitioned for probate of the will and was granted letters testamentary. Evie petitioned for removal of the estate administration from the probate court to the circuit court, and it was transferred. She then counterclaimed for a declaratory judgment against Mrs. Watkins as executrix of Watkins’s estate; the counterclaim included the following allegations:
“Heretofore, the parties herein have joined together and caused a sum of money approximating One Hundred Ten Thousand Dollars ($110,000.00) plus interest accrued thereon, payable by the Wellington Asbestos Claims Facility on behalf of Armstrong Cork Company, arising out of litigation brought before the death of the said James Alton Watkins, in civil action number S82-0441 (N), in the United States District Court at Jackson, Mississippi, in settlement of the decedent’s claim due to asbestos-related exposure, injuries, death or other basis, to be paid by said Wellington Asbestos Claims Facility aforesaid to the decedent’s Mississippi counsel of record, and subsequently to be forwarded and paid over to, and received by the law firm of Hogan, Smith, Alspaugh, Samples & Pratt, P.C., of the City of Birmingham aforesaid, as an Escrow Agent, the net of which is to be held in trust in an interest bearing (separate) Trust Account.
“Said sum of money, less reasonable attorney fees and costs of litigation, now approximates a net amount in excess of Seventy Thousand and no/100 Dollars ($70,000.00), and is in an escrow account with First Alabama Investments, Inc.
“The distribution of said sum of money is due to be strictly governed by and controlled by the laws of the State of Mississippi, including but not limited to Section 11-7-13 Code of Mississippi and other relevant code provisions, and the case of Harris v. Illinois Central Railroad Company, 71 So. 878, [111] Miss. 623 (1916) and other relevant Mississippi cases.
“Evie Dianne Franklin claims entitlement to a portion of said money in an amount not less than one-third (⅛) of said money, pursuant to and in accordance with the laws of the State of Mississippi.
“[Mrs. Watkins] has heretofore disputed the claims of Evie Dianne Franklin *1155 and James Anthony Watkins as aforesaid and has made demand for the full sum of said money.
“Therefore, there is subsisting an actual controversy between Evie Dianne Franklin and James Anthony Watkins and [Mrs. Watkins] on which substantial personal and property rights are dependent.
“Evie Dianne Franklin is suffering, and will continue to suffer, irreparable harm if the relief sought herein is not afforded her and her brother, James Anthony Watkins.
“Pursuant to Rule 44.1, Alabama Rules of Civil Procedure, Evie Dianne Franklin hereby gives notice of her intentions to raise issues herein concerning the laws of the State of Mississippi.
“WHEREFORE, THE PREMISES CONSIDERED, Evie Dianne Franklin prays that [Mrs. Watkins] be made a party defendant to this Complaint; and that by due process she be required to answer or plead hereto within the time and in the manner required by law. And Evie Dianne Franklin prays that upon a hearing of this matter, this Honorable Court will render a declaratory judgment and decree stating as a matter of applicable law the respective rights or claims of the parties herein in said sum of money, will render a declaratory judgment and decree stating that she is entitled to share in the said sum of money according to applicable law, that the said James Anthony Watkins similarly is entitled to share in the said sum of money according to applicable law, and will award her and her brother all reasonable costs of litigation which they may have incurred in these endeavors, as may seem reasonable and proper herein.”
James later joined in this claim.
Mrs. Watkins moved for a summary judgment in her favor. In an earlier declaratory judgment action that had been filed and dismissed before the probate proceeding was transferred, Mrs. Watkins had filed an answer to identical allegations. In that answer, Mrs. Watkins had admitted most of these allegations, including the applicability of Mississippi law, but had denied that the sum was paid in settlement of a death claim; instead, she had contended, the sum “was paid in accordance with a settlement reached by [Watkins] for his exposure and injury caused by” the defendants in Watkins’s action based on an injury from asbestos. She had denied that Evie and James were entitled to any portion of that sum. In this proceeding, Mrs. Watkins has not stipulated that Mississippi law applies, but the parties have proceeded under such an assumption. Her argument in support of her summary judgment motion is in accordance with the above-stated denials.
The parties filed a joint stipulation of facts in the circuit court, including the following: Watkins died on October 20, 1988, in Jefferson County, Alabama. His death certificate listed respiratory failure due to lung cancer as the cause of death. In 1980, Watkins had been diagnosed as having asbestosis, a disease caused by exposure to asbestos. In 1982, Watkins had filed suit in the United States District Court for the Southern District of Mississippi against the Armstrong Cork Company, alleging personal injuries caused by exposure to asbestos. His action was consolidated, for class action purposes, with other similar asbestos cases against Armstrong, and it was still pending at the time of his death.
In September 1987, Watkins’s attorney in Mississippi wrote Watkins a letter informing him that a settlement offer had been made by the representatives of a group composed of most of the major defendants in the case: The letter advised Watkins to accept the offer of $110,000 and also informed him that acceptance would require him to “release all of [his] claims — both present and future — against the Wellington Defendants as part of this settlement, [but] the acceptance of this offer does not affect your claim against Johns-Manville.”
Watkins accepted the offer and returned to the attorney a signed acceptance dated October 5, 1987. In an order dated February 17, 1988, the United States district court approved and ratified Watkins’s and the other settlement agreements and or *1156 dered the defendant members of the Asbestos Claims Facility to perform the terms of the agreement, including the payment of the settlement amounts to each plaintiff on a particular date. The order also provided that, if the settlement amounts were not paid on the payment dates, each plaintiff would be entitled to apply to the court for a judgment against any of the defendants who were members of the Asbestos Claim Facility, and that a judgment would be entered in the amount of the agreed-upon settlement. When Watkins died on October 20,1988, he had not received any settlement proceeds.
The proceeds from the settlement were paid to Watkins’s attorney on December 16, 1988, approximately two months after his death. The stipulations recite that “The parties hereto executed a ‘pro tanto partial release’ on or about October 4,1989, required for the receipt of the aforesaid sum of money.” Presumably the release was granted to the asbestos defendants, but the record does not reflect that fact. Also on October 4, 1989, the parties executed an escrow agreement appointing a Birmingham attorney as escrow agent for the settlement sum of approximately $70,-000 that remained after payment of expenses and the Mississippi attorney’s fee, to be held in escrow pending the outcome of Evie and James’s claims to a share of the money.
The circuit court entered a summary judgment in favor of Mrs. Watkins, holding that there had been a final settlement of Watkins’s claim for personal injuries and that the entire sum belonged to Mrs. Watkins under the terms of Watkins’s will. Further, the court held that, because there had been a final settlement of Watkins’s claim, all parties were precluded from bringing a wrongful death action based on those injuries.
The issue is whether the $70,000 held in escrow is an asset of the estate, to be distributed according to the terms of Watkins’s will, or constitutes a settlement for Watkins’s wrongful death, to be distributed according to Mississippi’s wrongful death statute.
Evie and James argue that because Watkins never executed a release to settle his pending lawsuit no final judgment was entered by any court on the action. Thus, they say, the pro tanto partial release, which they executed and which was required for the receipt of the settlement sum, was the equivalent of releasing any and all wrongful death claims of the next-of-kin. Therefore, they argue, the money should be distributed according to Mississippi’s wrongful death statute, one-third to each of them and one-third to Mrs. Watkins.[1]
Mrs. Watkins maintains that the settlement funds were not recovered as damages for a wrongful death action under the statute, but that, rather, Watkins had reached a complete settlement agreement, prior to his death, for his personal injury claim and that, therefore, the proceeds are an asset *1157 of the estate and are to be paid according to Watkins’s will.
A summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Because the trial court in the present case sat in judgment on facts that were not in dispute, this Court will determine whether the trial court misapplied the law to those undisputed facts. Craig Construction Co. v. Hendrix, 568 So.2d 752 (Ala.1990).
In its order, the trial court held:
“The undisputed facts establish that Watkins agreed to accept the sum of $110,000.00 in settlement of his claim for personal injuries by executing a written acceptance of the $110,000.00 offer on October 5, 1987.
“By order rendered by the federal district court on September 17, 1988, the court ratified and approved the settlement agreement. The order also provided that if the amount of the agreed-upon settlement was not tendered by a designated date, Watkins was entitled to [petition] the court for judgment and that judgment would be entered against the defendants jointly and severally ten days thereafter for the amount of the agreed-upon settlement. There can be no question but that a final and effective settlement was reached of Watkins’ claim for personal injuries.
“As stated by the U.S. Court of Appeals for the Fifth Circuit in Cia Anon Venezolana de Navegacion v. Harris, 374 F.2d 33 (5th Cir.1967), ‘A settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.’
“As a general rule, all debts reducible to money, including sums due the decedent from settlement agreements, whether payable before or after his death, are collectable by the executor of the estate as assets of the estate. 31 Am Jur.2d Executors & Administrators, §§ 503-509, 33 C.J.S. Executors & Administrators, §§ 100, 126. Those monies are thereafter treated as ordinary assets of the estate and are distributed by the executor in accordance with the will....
“As a result of an autopsy, the conclusion of the pathologist was that Watkins’ death was attributable to small cell carcinoma of the lung, oat cell type.
“Both parties have referred to the decision of the Supreme Court of Mississippi in Harris v. Illinois Central Railroad Co., 111 Miss. 623, 71 So. 878 (1916). In that case, Harris made claim against the railroad for injuries sustained while he was engaged in the employ of the railroad. His claim resulted in a judgment against the railroad for $5,000.00, which was affirmed by the Supreme Court of Mississippi on appeal. Pending the appeal, Harris died and his widow appeared as Administratrix of his Estate and revived the case in the supreme court in her name as such Administratrix.
“After the judgment was affirmed, the widow then filed suit seeking damages for herself and her minor children as a result of Harris’ death.
“The railroad answered by saying that • the judgment recovered by Harris was a settlement of and an extinguishment of his cause of action for wrongful death. The trial court upheld the answer against demurrer. On appeal, the trial court was affirmed. The Supreme Court of Mississippi said that the final judgment obtained by Harris extinguished any claim his widow or children might later have for wrongful death. The Supreme Court of Mississippi in its opinion distinguished an earlier decision, Hamel v. Southern Railway Co., [108 Miss. 172,] 66 So. 426 [(1914), suggestion of error overruled, 108 Miss. 172, 66 So. 809 (1915), appeal after remand, 113 Miss. 344, 74 So. 276 (1917) ], on the ground that in that decision Hamel had ‘an unsettled claim for his injuries, then pending at the time of his death.’
“In the present case, there had been a final settlement of Watkins’ claim for personal injuries. His widow and children would therefore be precluded from bringing an action for wrongful death based on the same injuries.
*1158 “In accordance with this opinion, the motion for summary judgment filed by Mildred Watkins as Executor under the Will of James Alton Watkins, deceased, is hereby granted. The motion for summary judgment filed by Evie Dianne Franklin and James Anthony Watkins is hereby overruled.
“It is further hereby declared that Mildred Watkins as the Execut[rix] under the Will of James Alton Watkins, deceased, is entitled to the entire amount of the proceeds in the approximate amount of $70,000.00 presently held by Clay Als-paugh as escrow agent.”
Evie and James renew their argument that a judgment in their favor is compelled by Harris v. Illinois Central Railroad Co., 111 Miss. 623, 71 So. 878 (1916), and Hamel v. Southern Ry., 108 Miss. 172, 66 So. 426 (1914), suggestion of error overruled, 108 Miss. 172, 66 So. 809 (1915), appeal after remand, 113 Miss. 344, 74 So. 276 (1917). They say that those cases establish that a post-death recovery of a sum such as the one at issue here is a recovery for wrongful death unless the decedent had executed a release in settlement of his claim or had obtained a judgment. Thus, they argue, the release that they executed was a release of a wrongful death claim and the sum paid pursuant to that release constitutes proceeds of a wrongful death claim.
We do not view Harris and Hamel as being strictly limited to situations where the injured party had actually executed a release or obtained a judgment, as opposed to a situation, such as this one, where the injured party had accepted a settlement offer and the only remaining event was the actual payment of the proceeds. Indeed, Hamel stated that “no suit could have been maintained by the widow had the deceased settled his claim for damages in his lifetime,” 108 Miss, at 196, 66 So. at 809. Watkins entered into the settlement agreement before his death, and the character of the action was never .changed into a claim for wrongful death. The benefits received from the settlement agreement were not a payment for damages due to death, but were, instead, payment for Watkins’s personal injury claim.
Although the class action proceedings were pending at the time of Watkins’s death and there was not a final judgment, Watkins had agreed to settle his claim approximately one year before his death and the federal district court had approved and ratified the settlement agreement and had ordered the defendants to pay the agreed-upon sum. Furthermore, Evie and James chose to settle Watkins’s personal injury claim by executing a pro tanto release, thus releasing all other claims arising from those injuries, including a wrongful death action.
The proceeds from the settlement agreement were not wrongful death benefits but were monies for the settlement of Watkins’s personal injury claim and, therefore, they are to be distributed according to his will. See 31 Am.Jur.2d Executors and Administrators §§ 503-05, 507-08. We conclude that the trial court correctly applied the law to the facts of this case and correctly entered the summary judgment in favor of Mrs. Watkins, as executrix of Watkins’s estate.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. § 11-7-13, Code of Miss.1972, provides in pertinent part:
"Whenever the death of any person shall be caused by any real, wrongful or negligent act or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, ... and such deceased person shall have left a widow or children or both, or husband or father or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, ... or in the name of a child for the death of a parent.... In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.
"This section shall apply to all personal injuries of servants and employees received in the service or business of the master or employer, where such' injuries result in death....
[[Image here]]
"Damages for the injury and death of a married man shall be equally distributed to his wife and children.”